Nessler *v.* Industrial Land Development Co.

CHARLES L. NESSLER

*v.*

THE INDUSTRIAL LAND DEVELOPMENT COMPANY.

[Filed December 31st, 1903.]

1. Mortgagees of corporate property are not entitled to follow into the hands of a receiver, appointed in insolvency proceedings against the corporation, funds received by the receiver from a railroad for damage caused by fire to the mortgaged property, when such funds were obtained through a private settlement, not affecting the right of the mortgagees, to recover against the railroad for impairment of their security.

2. Where the possession of mortgaged property by receivers of the mortgagor has continued with the actual or implied consent of the mortgagees, and their possession has been a benefit to the estate, any claim of the mortgagees to funds which come into the receivers' hands is equitably subject to all proper expenses of the receivership.

3. An application to a court of equity for payment of debts incurred by a receiver in the custody and management of the property is proper, and where the debts have been incurred without the express order of the court, the claims will be adjusted on an equitable basis.

4. An order of the court to that effect, and also one for authority to incur indebtedness, is necessary to entitle receivers to retain their salary or compensation as a preferred claim as against claimants who have, at the request of the receiver, advanced money or performed services for

the trust; and where the fund in hand is not sufficient to pay all the receivers' debts and their compensation, the distribution must be made *pro rata.*

On bill, &c. : On exceptions to master's report on receivers' account.

Counsel for exceptants—

Mr. *Edwin B. Goodell,* for Post and others.

Mr. *William M. Clevenger,* for Ashmead & Hackney.

Mr. *Joseph Thompson,* for Morse and A. G. Stewart.

Counsel, *contra*—

Mr. *James Parker,* receiver *pro se.*

Mr. *William D. Snow,* for Short, receiver; also exceptant.

Mr. *Charles C. Pilgrim* and *Edwin B. Williamson,* for Schoch, surety on receivers' bond.

EMERY, V. C.

The evidence taken upon the accounting shows clearly that the entire amount which came to the receivers' hands from all sources was not sufficient to pay the necessary disbursements and expenses of the receivership, including in these proper compensation for the receivers' services and the debts incurred by the receivers in the surveys, care and custody of the property, while it was in their possession.

The claim of the executors of Post, the mortgagees of the property, and the purchasers at foreclosure sale, to follow into the hands of the receivers the funds received for damages to the property by fire caused by a railroad company, is not well founded. The receivers, who were appointed in insolvency pro-

Nessler v. Industrial Land Development Co.

ceedings against the corporation mortgagor and owner, and who therefore represented the owner and mortgagor, received these amounts, not as the result of judgments in suits which would have concluded the mortgagees, but in private settlements, which, so far as appears in the case, left unaffected the mortgagees' rights to recover against the railroad company for the impairment of their security. As to the money received by the receivers from the sale of wood and timber, the right of the mortgagees to follow these into the hands of the receivers is based on the theory that it was a wasting of the estate, for which they are entitled to follow the proceeds or to compensation. The evidence does not support this claim of waste by the receivers; but, on the contrary, shows, I think, that by the removal of the wood in question the estate, which was a tract of about thirty thousand acres, largely woodland, suffered no material injury in the receivers' hands, and that the mortgagees have been benefited, rather than injured, by the custody and protection of the property, under the receivers, pending the foreclosure. It was competent for the mortgagees, at any time after the foreclosure proceedings commenced, to have made application for a receiver under their mortgage, but if such application had been granted the mortgagees would have been put to the expense of the advances for the receivership. The possession by the receivers in this case has continued with the consent, either actual or implied, of the mortgagees, and as the possession has been rather a benefit than a detriment, any claim which they might have as mortgagees to any portion of the funds which came to the receivers' hands must be equitably subject to all the proper expenses of the receivership. Their claim to any portion of the fund is therefore denied and their exceptions are overruled.

The claims of the other exceptants stand on a different basis. These are claims, amounting in all to about $4,200, for debts incurred by the receivers themselves, in the custody and management of the property, and application is now made for their payment. Such application to this court for the payment of debts incurred by the receiver is proper, and where the debts

have been incurred, as here, without the previous express order of the court, the adjustment of the claims will be made upon a basis which is equitable and just. *Vanderbilt* v. *Central Railroad Co., 16 Stew. Eq. 679 (Errors and Appeals, 1887)*. The justness and correctness of these claims is not disputed by the receivers, and is established by the evidence; but the assertion is that there is no money in their hands to pay them. This lack of money to pay them arises largely from the fact that the receivers have from time to time retained, for their own services, about $3,350, which exhausts the entire funds in their hands, after other disbursements made. This retention for their own services has been made without any order of the court allowing them to retain their salary or compensation as a prior or preferred claim to other expenses of the receivership. In my judgment, such order was necessary for the purpose of entitling them to retain it, by way of preference, as against other claimants, who had also, at the request of the receivers, advanced money or performed services for the trust. Without such order receivers' services, in themselves, stand on no higher plane than the receivers' debts for the services and advances of other persons for the benefit of the trust, and where, as in this case, the fund in the receivers' hands is not sufficient to pay all the receivers' debts and their compensation, the distribution must be *pro rata.* They are all and equally debts or claims which should be paid by the trust funds, as expenses of the receivership, and if the fund is not sufficient to pay all in full, then they must be paid *pro rata.* If receivers desire or intend to claim a preference in payment for their own compensation, they must apply to the court, not only for such order, but also for the authority to incur indebtedness, which will be subject to their claim. Upon such application the court can, by proper inquiry into the condition of the estate, make the orders necessary to control its receivers in the incurring of indebtedness, and also to give notice to persons dealing with the receivers, for services to the trust, that the receivers' personal claims for services are preferred. All claims for services rendered to the trust should be paid in full, if possible, as preferred claims and as expenses

Nessler *v.* Industrial Land Development Co.

of the trust, and where the fund in hand is not sufficient to pay in full, the claims should, in the absence of special equities, be paid *pro rata*.

It is apparent, on reading the evidence of these claimants as well as of the receivers, that the claimants expected to be paid from funds to be realized by the receivers from the property of the company, and not by the receivers personally; but it is also apparent that when the debts were incurred none of these claimants understood that funds which were expected to come to the receivers' hands were to be applied by them to their own compensation, in preference. In the absence of any such understanding, and in the absence of any previous order of the court making the receivers' compensation for their services an expense of the receivership to be preferred over the receivers' indebtedness incurred for the necessary services of others relating to the trust, I think all of these claims must be paid *pro rata* with the receivers' claims for compensation.

The compensation of the Receiver Parker is fixed at $1,200 and the compensation of the Receiver Short at $2,400, and upon these amounts they will be allowed *pro rata*. The claimant, Stewart, must be charged on account of his *pro rata* with the amount retained by him ($389.94), and not paid over or accounted for to the receivers. The exceptions to the master's report on the accounts, so far as it allows the retention in full by the receivers for the services, are allowed. All other exceptions are overruled. Final decree upon the exceptions and accounts, and for distribution, can probably be made without any further reference, and I will settle the decree upon notice.