## Montpelier Cup & Metal Works, Appellant, v. J. E. Dilsaver et al., Appellees.

RECEIVERSHIP—*right of receiver to appeal.* A receiver is not entitled to appeal from an order which merely discharges him. If, however, the order in question fails to protect him with respect to disbursements made by him which are properly chargeable upon the property he has the right to obtain a review of such order.

Mechanic's lien. Appeal from the Circuit Court of Perry county; the HON. GEORGE A. CROW, Judge, presiding. Heard in this court at the October term, 1911. Modified and affirmed. Opinion filed March 21, 1912.

B. W. POPE and W. O. EDWARDS, for appellant.

SPRIGG & GILSTER and A. R. DRY, for appellees.

MR. JUSTICE SHIRLEY delivered the opinion of the court.

At the May term of the Perry County Circuit Court appellant filed a bill for a mechanic's lien against J. E. and Margaret Dilsaver, owners of the premises against which the lien was claimed, also making certain mortgagees of the premises parties defendant. A decree was entered directing a sale of the premises in default of payment of the amount found by the decree to be due, and Samuel R. Haines was appointed receiver to manage and operate a flour mill located on the premises, until the property should be redeemed, or until the further order of the court.

The property was sold under the decree on September 24, 1910. On July 25, 1911, appellee J. E. Dilsaver, filed a sworn petition alleging there was no need for a receiver and praying for his removal. To this petition the receiver filed his sworn answer and the cause was heard upon the petition and answer. The court granted the prayer of the petition and entered an order discharging the receiver and ordering him to let the petitioner Dilsaver into possession of the premises. The court further decreed that the report of the receiver be reserved for the future consideration of the court. From this order the receiver, Samuel R. Haines, prayed and perfected an appeal.

A motion has been made in this court to dismiss the appeal which has been taken with the case for disposition.

It appears from the averments of the petition and answer that at the sale of the property it was sold to the complainants in the original bill for the debt, interest and costs found to be due under the decree, from which sale the petitioner Dilsaver would be entitled to redeem. It further appears that after the receiver was appointed he took possession of a flour mill located on the premises and managed, controlled and operated it until his discharge and that during the period of his receivership he expended considerable sums in the way of repairs and improvements which he claims were necessary in its operation and which he claims he was under the decree appointing him authorized to expend and that he is entitled to be repaid. It further appears from the answer that Dilsaver is insolvent with no means to redeem from the sale and that the entire value of the mill and the premises does not exceed the sum due under the decree together with the sums expended for repairs and improvements. The receiver asks for a reversal of the order discharging him and ordering him to put Dilsaver in possession, so that he may continue to operate the mill and repay himself for the

amount due him for said expenditures and, in addition, for his compensation as receiver.

On the motion of Dilsaver to dismiss the appeal, it is contended by appellees it is not a final order from which the receiver can prosecute an appeal. The order was not a final order in so far as it settled his right to be repaid any sums which might be due him for repairs, improvements and compensation. The order discharging him reserves all such questions for the future consideration of the court and was not final, as it did not settle his accounts and no appeal would lie from that portion of the order. Nor could the receiver appeal from an order of the court discharging him as receiver.

Being merely an officer of the court without any right or interest in the litigation, the court had the right to discharge him at any time and he could not appeal from the order. High on Receivers, 3rd Ed. 836. Such an order is interlocutory and there can be no appeal from it. Farson et al. v. Gorham, 117 Ill. 137; Chicago Steel Works v. Ill. Steel Co., 153 id. 9; French, Receiver, v. Genoa Junction Ice Co., 82 Ill. App. page 318. We are of opinion, however, that the failure of the court to make any provision in its order for the protection of the receiver for the payment out of the property of any amount found due him, properly chargeable against the property, gave him the right to appeal. It may be the property will become chargeable with the compensation of the receiver and for his proper expenditures, and for his protection the court should by its order have kept it under control or should have declared a lien upon it for that purpose.

"When it becomes the duty of a court of equity to take property under its own charge through a receiver, the property becomes chargeable with the necessary expenses incurred in taking care of and saving it, including the allowance to the receiver for his services. He is the officer and agent of the court and not of the parties, and it is a right of the court essential to its

own efficiency in the protection of things, so situated to keep them under its control until such allowances are paid or secured to be paid.'' Knickerbocker v. McKindley Coal Co., 172 Ill. 535. To the same effect is High on Receivers, sec. 796.

The motion to dismiss the appeal is denied. Aside from the want of appellant's right to appeal from the order discharging him as receiver, we are of opinion there was no further need of a receiver and the order of discharge was right, but the order was erroneous in not declaring a lien upon the property to secure the receiver. The decree is therefore modified and affirmed so as to give Samuel R. Haines, receiver, a lien upon the property described in the decree to secure him in his proper charges and compensation as receiver which he may hereafter be found entitled to receive. In all other respects the decree is affirmed.

*Decree modified and affirmed.*