## Montpelier Cup & Metal Works, Appellee, v. J. E. Dilsaver et al., Appellants.

1. RECEIVERS—*compensation.* A receiver appointed to manage property until it is redeemed if sold under the decree to satisfy a debt, is entitled to reasonable compensation for his services and to money reasonably expended in the care and operation of the property, only to the time of a demand for possession made by the owner after the debt is discharged.

2. RECEIVERS—*recovery of solicitor's fees.* Where a receiver was appointed to manage property until redeemed if sold under the decree to pay a debt, he is entitled to recover his reasonable solicitor's fees to the time that a court order was entered removing him, when he refused to surrender possession to the owner on demand after the debt was discharged and was removed by the court on petition of such owner.

Appeal from the Circuit Court of Perry county; the Hon. ROBERT T. COOK, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded with directions. Opinion filed March 10, 1913.

SPRIGG & GILSTER and W. A. SCHWARTZ, for appellant.

B. W. POPE and W. O. EDWARDS, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

No rights of the Montpelier Cup & Metal Works, the nominal appellee, are involved in this appeal, but the controversy is between J. E. Dilsaver and others, who are the owners of certain property against which appellee filed a bill for a mechanic's lien and S. R. Haines, who was appointed receiver of the same. At the time the bill was filed, the property was owned by appellant Dilsaver and consisted of certain real estate in the town of Tamaroa, Perry county, Illinois, on which was located a flouring mill, for which appellee had furnished certain machinery and equipment. Two mortgages were also foreclosed in the same proceed-

ings. At the May Term, 1910, of the Circuit Court of said county, a decree was entered, finding there was due appellee, the sum of $2,000, and the two mortgages the sums of $300 and $650 respectively, together with interest on said mortgage debts, and decreeing and ordering a sale of the premises to satisfy the debts. The decree appointed Samuel R. Haines receiver "to take charge of and to rent, collect rents, operate, control and manage said property aforesaid, after giving bond in the sum of $6,000 to be approved by the circuit clerk, with full power to act and do whatsoever may be necessary to properly protect the interests of all parties interested therein, until such time as said property shall be redeemed if sold under this decree, or until the further order of this court." Under the decree the property was sold for an amount sufficient to pay the debt, interest and costs, not including therein any compensation for the receiver or reimbursement for moneys expended by him in the care of the property. S. R. Haines, the receiver, became the purchaser at the sale. Sometime after the sale, Dilsaver made a written demand on the receiver for the possession of the property which was refused and later, on July 25, 1911, he filed a petition asking for the removal of the receiver, on the ground that the property had been sold for the full amount of the debt, interest and cost, and that therefore the necessity for continuing said receiver in office had ceased. The receiver resisted the application for his removal, but on August 11, 1911, a decree was entered, finding that Dilsaver was entitled to the possession of the premises, removing and discharging the receiver and directing him to turn the property over to Dilsaver. It was also further decreed that the order of approval of the receiver's report entered at a previous term of the court be vacated and that the matter of the receiver's report be reserved for future consideration of the court. From that decree an appeal was taken by the receiver Haines, to this court where the record was reviewed at the Octo-

ber term, 1911. Montpelier Cup & Metal Works v. Dilsaver, 169 Ill. App. 279. On that appeal we approved that portion of the decree which ordered the discharge of the receiver, but modified it so as to give the receiver a lien upon the property therein described, to secure him in his proper charges and compensation as receiver, which he might thereafter be found entitled to receive. Afterwards, on May 28, 1912, a decree was entered in the Circuit Court, approving the final report of the receiver, and allowing him the sum of $2,534 for money expended and advanced by him in the administration of the property, in pursuance of the order of the court appointing him and an additional sum of $450 for services as such receiver, together with $200 as solicitor's fees, making a total of $3,184; which amount was ordered to be paid by appellant Dilsaver, within a short time fixed by the court and in default thereof it was decreed that the property be sold by the master in chancery to satisfy the same. From that decree this appeal is prosecuted and the question presented is whether or not the court erred in fixing the amount allowed the receiver.

This court held when the case was here before that there was no further need of a receiver, after the indebtedness had been discharged, but he refused to surrender possession thereof and contested the right of Dilsaver to such possession until after the right of Dilsaver to possession had been confirmed by this court at its October Term, 1911. During the time the receiver held the property, he conducted the milling operations at considerable loss. There was no good reason in law or equity why he should continue to hold the property and conduct the business after the debt was paid. The manifest impropriety of his continuing to operate the mill therafter is shown by the fact that while the total amount of the original debt, interest and costs not including the costs of the receivership, at the time of the sale, was $3,139.19, the receiver is

allowed by the order here appealed from, the sum of $3,184 for money expended by him on the property, his compensation and solicitor's fees, nearly all of which amount, as appears from the proofs, was for expenses incurred and services rendered after the property had been sold and the indebtedness paid.

The receiver was entitled to a reasonable compensation for his services prior to the date of the demand made upon him by Dilsaver for possession of the premises and to be reimbursed for such sums as were reasonably expended by him in the care and operation of the property during the same period but not afterwards. He is also entitled to recover his reasonable solicitor's fees up to the time the court below entered the order removing him.

The decree is therefore reversed and the cause remanded with directions to the court below, to ascertain the amount due the receiver in accordance with the views above expressed, to make such amount a lien upon said premises and direct the sale of the same to satisfy the debt, if not paid within a reasonable time to be fixed by the court.

*Reversed and remanded with directions.*