Peter L. Miller, Appellant, v. American Light & Fixture Company, Appellee.

## Gen. No. 17,506.

1. RECEIVERS—*expenses of receivership.* The mere fact that the property in the hands of a receiver is insufficient to meet the expenses of the receivership, does not render the complainant, at whose instance the receiver was appointed, liable for such expenses.

2. RECEIVERS—*where party securing appointment is liable to creditors of receiver*. Where .it clearly appears that the intent of a party in securing the appointment of a receiver was fraudulent and for his personal ends and not with a view to pay the debts of the concern and conserve the interests of all concerned, including creditors, that such party has directed and controlled the receiver in the continuance of the business and has received a salary from the receiver as his clerk without direction of court, and that the court and creditors of the receiver have been kept in ignorance of the condition of the company's business by failure to file an inventory, such party will be required to make good any losses resulting to the creditors of the receiver.

3. RECEIVERS—*liability for fees of receiver and his solicitor*. Where a receiver is shown to have been appointed and continued through the fraud or illegal conduct of the parties asking for such receiver, such parties will be held liable for the fees of the receiver and his solicitor.

Appeal from the Circuit Court of Cook county; the HON. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed June 30, 1913. Rehearing denied July 24, 1913.

GEORGE B. BYRON, for appellant.

VOSE & PAGE and BAKER & HOLDER, for appellee; HUBERT E. PAGE and LE ROY W. HOLDER, of counsel.

MR. JUSTICE DUNCAN delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Cook county by Peter L. Miller, complainant in the original bill for the appointment of a receiver, etc., entered against him for the unpaid balance due the creditors of the receiver and for the unpaid fees of the receiver and his solicitor upon an intervening petition of Manhattan Electrical Supply Company, one of the creditors of the receiver, on behalf of all of the creditors of the receiver, and upon the petition of the receiver in his own behalf. The court found the fees of the receiver to be $1,000, his solicitor's fees $485, and that on said sums he had received $893.23, leaving a balance due him $591.77; that there remained due

the creditors of the receiver $1,573.01, the total amount due as decreed being $2,164.78; and that the receiver had disposed of all the property of the insolvent corporation, American Light and Fixture Company.

The original bill was filed against the corporation as defendant, and the receiver, Roger S. Culver, was appointed January 20, 1908, by the consent of the corporation, by its attorney, with all rights and powers of a receiver in chancery and was specially empowered to "continue the business of said company until further order of this court," and to employ necessary assistance for the continuance of said business and for completing the goods in process of manufacture, to fill all orders received, to carry out the contracts of the corporation, and to continue to occupy and pay rent for the premises theretofore occupied by the corporation, and the rent contracted by it. The receiver was also by the decree ordered to make and return with all reasonable haste an inventory of the assets of the corporation. The receiver operated the business of the company from his appointment to the following September 5th without filing any inventory or report and incurred the indebtedness to the several intervening creditors for supplies used in the conduct of the business, and then without notice to the court discontinued the business. The various creditors thereafter intervened and upon motion of one of them the receiver was ordered, December 9, 1908, to file his inventory and report within five days, but no inventory was filed until January 25, 1909, and no report was filed until the following May, although ordered by the court four other times previous thereto to report. On exceptions being sustained to the report an amended report was filed June 16, 1909, and thereafter on behalf of the other creditors the said petition of the Manhattan Electrical Supply Company was filed charging that said bill was filed collusively by Peter L. Miller, and that he had personally intermeddled in the affairs of

the receiver and that the receiver had neglected his duties; that the receiver employed said Miller at a salary of $100 per month to attend to the books of said receiver, and continued him as such employe until September 15, 1908, and paid him for such services $750; that said Miller also became a creditor of the receiver for $1,250.74 for money borrowed and exercised an influence over the receiver and induced him to prefer him as a creditor and pay him without leave of court, and directed and controlled the receiver in the conduct of the business, and neglected to serve him faithfully and post the receiver as to the true condition of the business, well knowing it to be a losing business; and prayed that Miller be required to pay the creditors of the receiver the amounts found due them after all the assets in the receiver's hands had been equitably distributed, including the sums paid Miller by the receiver, etc. Miller filed an answer to the said petition of Manhattan Electrical Supply Company, and to the other intervening petitions, and on July 7, 1909, from the evidence and the admissions of said Miller in his answer the court found on a hearing the allegations in said petition substantially true, and ordered and decreed that said Miller should repay to the clerk of the court on or before July 13, 1909, said sum of $750 wrongfully paid him, and found that said Miller took active part in the conduct of the business of the receiver and is chargeable with full knowledge of the business during its continuance, and that he is liable for the deficit, if any, that should remain due the creditors of the receiver after they had received their equitable distribution of said proceeds. After all the assets had been liquidated, as ordered by the court, and the funds brought into court, the causes on the intervening petitions of the several creditors of the receiver, and the said petition of the receiver for allowances, and answers thereto by said Miller and the corporation, were referred to the

master in chancery for proofs and findings, and the master reported his findings to the court July 14, 1910, in substance, that the American Light and Fixture Company was organized June 5, 1907, with a capital stock of $5,000, owned in equal shares by Peter Miller and Adolph Rhein, with the latter as president and the former as secretary, at $100 per month, and Morton T. Culver was retained as attorney and legal adviser; that the capital stock was increased in September, 1907, to $10,000 and that on Saturday before the bill for a receiver was filed Rhein sold all his stock to Morton T. Culver, and at that time Roger S. Culver, the receiver, and J. Raymond Culver were holders of $175 and $225 worth of stock respectively, all the Culvers being brothers; that the company's business had been a losing one, there having been strikes and labor troubles, and Miller and Rhein having had trouble and disagreements, but that it was thought that by getting rid of Rhein and reorganizing the corporation might succeed and its debts be arranged for; that said amounts for the receiver and for the attorney of the receiver, Henry N. Culver, were reasonable and the services worth said sums, and also found the amounts due creditors of the receiver aggregating said sum; that the business of the receiver was conducted at a loss from the beginning and that Miller and the receiver realized it in April; that some of the creditors were paid in full or substantially so, including Miller, while others were paid nothing; that neither the court nor the creditors were advised of said things and conditions until long after the operations had proved a failure and the business had ceased to be operated; that there were no legal grounds for the appointment of a receiver and that that proceeding was not intended by its movers, including Miller, to operate for the benefit of creditors, but to gain time to effect a settlement with the original creditors of the corporation, and that their claims were settled shortly after said

receiver was appointed by the paying of one-fifth thereof cash, and the remainder on time, as shown by the notes in evidence; that the court was kept in ignorance of the true state of affairs and the business was conducted without its orders or directions; and that the complainant in the original bill, Miller, is personally responsible for any deficiency in the fund necessary to pay the compensation of the receiver and his solicitor's fees, and the claims of the creditors of the receiver. Objections were filed to the master's report by appellant, Miller, and were overruled and treated as exceptions before the court. The court on argument entered a decree in accordance with the report of the master November 2, 1910, from which decree this appeal was taken. No appeal seems to have been taken and no certificate of evidence has been filed as to the order and decree of July 7, 1909, which was complied with by appellant as to the repayment of the $750 salary.

On this appeal only the legal conclusions of the master and the court are challenged. It is in no way suggested that the evidence does not support the findings. The proposition set forth in appellant's brief and argued is this: "The mere fact that the property in the hands of the receiver is insufficient to meet the expenses of the receivership, does not of itself render the plaintiff, at whose instance the receiver was appointed, liable for those expenses."

The truth of that proposition is not questioned here, and must be regarded as sound and well supported by the case of *Atlantic Trust Co. v. Chapman,* 208 U. S. 360. The main doctrine of that case is that as soon as a receiver is qualified, he comes under the sole direction of the court, is the court's officer, and his engagements are those of the court, and are performed under the order and directions of the court, and the liabilities he incurs are chargeable upon the property and not against the parties at whose instance he was appointed,

and who have no authority or control over him and his actions. The court is supposed to look into the conditions of a party or concern for whom or over whom a receiver is appointed, and before ordering the business continued by a receiver to ascertain if the operation will likely continue at a loss, and to keep track of the receiver and the business and to order the work discontinued when continuance of it means loss to the parties and creditors concerned. Where the court is deceived and intentionally kept in ignorance of the real conditions of the company's business and the intent of the parties in securing the appointment of a receiver is clearly shown to be fraudulent and for the personal ends of the complainant, and not with a view to pay the debts of the concern and to rightly conserve the interests of all concerned, including creditors, as is shown in this record, a very different case is presented. In such a case, when it further appears, as in this suit, that, after the old debts of the corporation were in part paid and the other parts settled for with time notes; that the original complainant has directed and controlled the receiver in the continuance of the business, has loaned him money to conduct the business and received a salary from the receiver as his clerk, without direction of the court, and without filing an inventory, as directed by the court; and that thereby both court and creditors of the receiver are kept in ignorance of the conditions of the business, and the creditors of the receiver are thereby injured and lose their accounts against the receiver, it is equitable and just that such complainant should make good those losses to the creditors of the receiver. The general rule is also that unless the court appoints a receiver on condition that the complainant in the bill shall pay his and his solicitor's fees, that the receiver must make his charge simply against the property or the results accomplished by him in his work as a receiver, if those results are profitable to the parties

630    APPELLATE COURTS OF ILLINOIS.

asking for a receiver. There are exceptions, however, to this rule, as when the receiver is shown to be appointed and continued through the fraud or illegal conduct of the parties asking for such receiver. The Supreme Court of the United States recognizes such exceptions in the case above cited. As no objection is raised to the right of the receiver or his solicitor to an allowance of the fees, we think it was proper in this case to tax up such fees against appellant.

While we are unable to find any case exactly in point for our holding, we cite the following authorities that have led us to our conclusions here. *Link Belt Machinery Co. v. Hughes,* 195 Ill. 413; *McAnrow v. Martin,* 183 Ill. 467; *McLean v. Gillespie,* 130 Ill. App. 356.

The decree of the court is affirmed.

*Decree affirmed.*