THE VILLAGE OF NORTH AURORA, Plaintiff-Appellee, *v.* AURORA DOWNS, INC., *et al.*, Defendants-Appellants.

Second District (2nd Division)    No. 75-488

Opinion filed October 7, 1976.

Stephen J. Mrkvicka, John L. Petersen, and Donald J. Simantz, all of Matthews, Jordan, Dean, Eichmeier & Petersen, of Aurora, for appellants.

Gilbert X. Drendel, Jr., P. Scott Courtin, and Wayne F. Weiler, all of Reid, Ochsenschlager, Murphy & Hupp, of Aurora, for appellee.

Mr. JUSTICE RECHENMACHER delivered the opinion of the court:

This is an appeal taken solely by defendant Twin Productions, Inc. (Twin) from an order enjoining it and other defendants from promoting and conducting a "rock concert" at Aurora Downs race track in the Village of North Aurora, Illinois.

The Village's complaint for injunction alleged *inter alia* that the concert which defendants, Twin and Michael W. Freedman, proposed to stage on September 6 (or, in case of rain, on September 7), 1975, was a rock concert; that as such it would be in violation of the terms of Ordinance No. 645 adopted by the Village on July 8, 1974, granting a conditional use permit for various specialized uses at Aurora Downs race track, which included "entertainment, band concerts and square dances (excluding rock concerts)"; and that the holding of that concert would be injurious to the public health, safety and general welfare of the Village and its population of 5200, with a police force of only 8 officers, because of the apprehension of the attendance thereat of 35,000 to 60,000 people, far in excess of the capacity of Aurora Downs, the number of hours the concert would last, the possibility of traffic hazards due to the high volume of traffic expected, the sound amplification and its effect on the immediate residential area and on an adjacent institution sheltering 500 mentally handicapped adults, and the inadequacy of sanitary and parking facilities. Ordinance No. 645 was adopted upon the application of East-West Enterprises, Inc., the operating corporation of Aurora Downs race track, and expired by its own terms on December 31, 1975. Under an agreement dated July 28, 1975, Michael W. Freedman entered into an agreement with Aurora Downs which, among other provisions, granted him the right to use the facility and grounds of the race track for entertainment and band and dance concerts "excluding * * * entertainment commonly referred to as Rock Festivals," and to assign such agreement, but subject only to the written consent of Aurora Downs. On July 30, 1975, defendant Freedman assigned that agreement to Twin, granting Twin the right to produce a musical concert on September 6 or 7, 1975. Twin filed its answer and counterclaim. (The record does not indicate any consent to such assignment by Aurora Downs.)

On September 2 and 3, 1975, the trial judge, sitting without a jury, conducted a hearing on the complaint for injunctive relief. On September 3 the order enjoining the holding of the concert was entered, and on October 1, pursuant to the Village's motion to clarify that order, entered its further order enjoining the concert. That order recites that the court heard testimony of witnesses and found that the proposed concert would be a rock concert which is prohibited by Ordinance No. 645, and that the ordinance is not unconstitutional. The court also found that the "concert would be a public nuisance in that the public health, safety and general

welfare will be endangered thereby and the Village of North Aurora, its officers, agents and employees and certain of its citizens, residents, property owners and others are reasonably certain to suffer irreparable harm which cannot be compensated or otherwise effectively remedied at law." Twin's counterclaim against the Village was not disposed of and is still pending.

Twin takes the position on this appeal from the injunctive orders that the sole issue presented is whether Ordinance No. 645 is unconstitutional because it denies Twin freedom of speech and expression and equal protection of the law in violation of the first and fourteenth amendments of the Constitution of the United States, is vague, and constitutes undue prior restraint upon its freedom.

■■■ The Village, on the other hand, points out that Twin does not address itself to the issue of the sufficiency of the evidence presented to the trial court to sustain its finding that the holding of the rock concert would constitute a public nuisance. Indeed, Twin has not presented on this appeal a transcript of the evidence heard and the exhibits received by the trial court. By its failure to raise and argue that issue, Twin has waived it. (Ill. Rev. Stat. 1973, ch. 110A, par. 341(e)(7).) And, where no transcript of proceedings is included in the record, as here, we must assume, on review, that the evidence justifies the findings and judgment of the trial court. (*Flynn v. Vancil* (1968), 41 Ill. 2d 236, 241; *Angel v. Angelos* (1976), 35 Ill. App. 3d 905, 907; *Reace v. Reace* (1976), 39 Ill. App. 3d 496, 497; see also *City of Chicago v. Rosehill Cemetery Co.* (1932), 349 Ill. 619, 621; 2 Ill. L. & Pr. *Appeal and Error* §713 (1953).) Under these circumstances, we hold that the trial court's decision that the concert in question would constitute a public nuisance is valid, and that it had proper basis for granting injunctive relief. In view of our holding we need not and will not consider the constitutionality of Ordinance No. 645 as applied to Twin since a determination of its constitutionality is not essential. *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 592; *Rosehill Cemetery Co. v. Lueder* (1950), 406 Ill. 458, 463.

The judgment of the circuit court of Kane County is therefore affirmed.

Judgment affirmed.

T. J. MORAN, P. J., and DIXON, J., concur.