SAMUEL L. ROSENBLATT, Trustee, *et al.*, Plaintiffs and Cross-Defendants-Appellants, *v.* MICHIGAN AVENUE NATIONAL BANK, Trustee, *et al.*, Defendants.—(JAMES M. FLANAGAN, Receiver-Intervenor-Appellee.)

First District (1st Division)   No. 77-359

Opinion filed April 9, 1979.

Julius J. Schwartz, of Chicago (Alan I. Boyer, of counsel), for appellants.

Gilbert L. Berman, of Chicago, for appellee.

*Mr. JUSTICE BUCKLEY delivered the opinion of the court:

This is an appeal from a decree for foreclosure of a lien representing fees of a receiver and his attorney, which lien was given priority over the lien of the party who petitioned for appointment of a receiver. For the reasons stated below, we affirm.

On October 6, 1975, the appellants, Samuel L. Rosenblatt, American National Bank and Trust Co. of Chicago and Sol Kitzis filed a complaint in Cook County circuit court to foreclose a trust deed which secured a note issued by Michigan Avenue National Bank of Chicago. The mortgaged premises, a two-story brick commercial building consisting of three units at 7445-53 South Cottage Grove Avenue, was in a state of disrepair and had minimal income and provided insufficient security for the indebtedness evidenced by the note.

On October 21, 1975, appellants petitioned for appointment of a receiver. In their brief, appellants state they asked for a particular individual to be appointed, William Smith, who had been collecting rents for the premises, and who had agreed to act at no charge. The judge, the Honorable Nathan M. Cohen, appointed as receiver James Flanagan.

On December 4, 1975, Flanagan petitioned the court to appoint Gilbert L. Berman as his legal counsel. In their brief appellants state that they objected and proposed appointment of their own attorney, who would act at no cost. Berman was appointed counsel to the receiver.

On February 27, 1976, when the receiver filed his first and final report and was discharged on his own motion, appellants filed answers to the timesheets of both the receiver and his attorney, asking the court to consider the circumstances of the premises before deciding what fees were reasonable. On March 11, 1976, over objections, the court ordered that within 10 days the receiver was to be reimbursed for the deficit in his expenses, $322.63, and be paid $900 as his fee and $750 as his attorney's fee, and that if payment were not made within 10 days, the fees would be increased pursuant to further order of the court.

The amounts under the March 11 order were not paid, and on May 5, 1976, that order was vacated and an order entered fixing the receiver's fee at $1,200 and his attorney's fees at $1,000, and establishing a lien of $2,200 upon the subject premises. The May 5 order included a finding that there was no just cause to delay enforcement or appeal. The receiver's motion had sought establishment of the lien in question as a first and prior lien.

---

* This opinion was prepared by Justice Buckley while assigned to the Illinois Appellate Court, First District.

The order granting that motion, however, did not expressly state the lien's priority.

On June 18, 1976, the receiver filed a complaint for foreclosure which stated in part that the lien for receiver's and attorney's fees would have to be made a first and prior lien if it were to be effective. Subsequently, appellants filed an answer to this complaint admitting that a judgment had been entered for the amounts in question, but arguing that the receiver had no right to a lien on rents or on the premises and would have to wait until appellants' foreclosure action culminated in a sale in order to be reimbursed.

On November 24, 1976, a decree of foreclosure was issued which provided that, there being entered a judgment and lien for fees, and the receiver and his attorney having incurred further expenses in pursuing foreclosure, a lien in an amount representing both the prior and the new fees shall constitute a first and prior lien upon the premises and foreclosure of that lien was decreed.

Appellants did not provide a *supersedeas* bond, and while their appeal from the November 24 decree was pending the premises were sold to a party who was not connected with the litigation regarding the receivership, but was a defendant under appellants' original foreclosure action.

At no time from the appointment of a receiver to the sale under the November 24 decree of foreclosure did appellants make any effort to pursue their foreclosure action to a sale.

Appellants argue that the decree of foreclosure entered on November 24, 1976, should be reversed for the following reasons:

1. The fees for services rendered during the receivership were excessive, so that the entry of a decree of foreclosure based on such fees constituted an abuse of discretion;

2. Subordination of the plaintiff-mortgagee's lien to that of the receiver constituted an abuse of discretion, particularly when the plaintiff-mortgagee had objected to appointment of that receiver on the grounds that the subject premises would not produce adequate income to compensate that receiver;

3. Inclusion of an award of attorney's fees for the receiver's efforts after his discharge to collect his fees by pursuing a foreclosure action rendered the decree fatally defective.

Appellee not only disputes the merits of these contentions, but also argues that the issues they raise are beyond the reach of this court. He argues that this appeal is rendered fatally defective by the failure of appellants to provide a proper transcript of proceedings, that the propriety of the decree of foreclosure has been rendered moot because a sale of the subject premises has been allowed to occur, and that failure of

appellants to timely appeal from the May 5 order precludes review of issues determined by that order.

■■ Appellee's argument that this appeal is fatally defective presents a threshold question. It is true that the record in this case contains no report of proceedings in any of the forms authorized by Supreme Court Rule 323 (Ill. Rev. Stat. 1975, ch. 110A, par. 323), and that failure to provide such a report may constitute grounds for dismissal of an appeal (*Glover v. Glover* (1974), 24 Ill. App. 3d 73, 320 N.E.2d 513). However, absence of a report of proceedings has always been regarded as merely depriving a reviewing court of a basis for reaching issues whose merits depend on matters thus omitted, such as issues of sufficiency of evidence (*Village of North Aurora v. Aurora Downs, Inc.* (1976), 42 Ill. App. 3d 534, 356 N.E.2d 193), or relating to conduct of a hearing (*Amalgamated Trust & Savings Bank v. Conrad Kern Co.* (1975), 34 Ill. App. 3d 430, 340 N.E.2d 36). Because the reviewing court must presume the circuit court acted properly in the absence of a contrary indication in the record, affirmance is dictated if the record omits crucial facts. (*Village of North Aurora; Amalgamated Trust & Savings Bank.*) Accordingly, failure to present a report of proceedings does not *per se* require dismissal of the present appeal; it merely requires affirmance of those issues which depend for resolution on facts not in the record. See *Lesser v. Village of Mundelein* (1975), 36 Ill. App. 3d 433, 344 N.E.2d 29.

Appellee's other contentions may be considered in conjunction with the issues to which they relate in the three contentions made by appellants.

The first such contention is that the fees for services during the receivership were excessive. It is clear that the propriety of these fees was adjudicated by an order of the circuit court dated May 5, and appellee argues that failure to timely appeal from that order deprives this court of jurisdiction to review this issue (see *Portock v. Freeman* (1977), 53 Ill. App. 3d 1027, 369 N.E.2d 201). Appellants, however, respond that the May 5 order was not appealable because the circuit court retained jurisdiction over its subject matter, and modified it by increasing the amount of fees awarded to the receiver in its November 24 decree of foreclosure.

Resolution of this issue requires only consideration of the subject matter of the May 5 order and comparison with that of the November 24 decree. The May 5 order served two functions: it fixed the amount of fees owing to the receiver and his attorney for services during the receivership, and it established a lien against the subject premises in that amount as a first and prior lien. In contrast the November 24 decree fixed the amount of fees owing to the receiver and his attorney for efforts made after the receivership, established a lien representing both that amount

and the amount fixed for services during the receivership as a first and prior lien, and decreed foreclosure of the lien thus established.

It is clear from this comparison that the November 24 decree did not modify, amend or vacate the May 5 order's adjudication of the issue of the propriety of fees for services of the receiver and his attorney during the receivership. There is no indication elsewhere in the record that the circuit court retained jurisdiction over this matter, and there is the contrary indication in the certification of the May 5 order as appealable pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304).

■■ Accordingly, the record indicates that the issue of propriety of fees for services during the receivership was finally adjudicated on May 5. There having been no timely appeal from the order of that date, that issue is not properly before this court.

It may be noted in passing that appellants' only basis for contending that the fees in question were excessive is that it was foreseeable that income from the subject premises would be inadequate to pay such fees. Such a basis for challenging receiver's fees was rejected in *Filkins v. Adams* (1895), 60 Ill. App. 410.

The second of appellants' contentions, that making the lien for the receiver's and his attorney's fees a first and prior lien constituted an abuse of discretion, is unsupported by the authorities appellants cite.

*Kneeland v. American Loan & Trust Co.* (1890), 136 U.S. 89, 34 L. Ed. 379, 10 S. Ct. 950, observes that appointment of a receiver does not vest a court with general authority to displace vested contract liens; that most courts have adopted a rule that liens on private property cannot be displaced without consent of the lienor for claims arising during the receivership from operation or improvements; and that neither a mortgagee nor the mortgaged premises are liable for receivership expenses not acquiesced in by him, at least where he received no benefit therefrom. To the same effect are Illinois decisions in *Makeel v. Hotchkiss* (1901), 190 Ill. 311, 60 N.E. 524; *Cody Trust Co. v. Hotel Clayton Co.* (1937), 293 Ill. App. 1, dealing with receiver's certificates; and *Fleming v. Anderson* (1921), 220 Ill. App. 570. All of these decisions, however, relate to the expenses incurred by the receiver as distinguished from fees for his services.

■■■ For his own fees, a receiver must look first to the income generated by the subject property (*Knickerbocker v. McKindley Coal & Mining Co.* (1898), 172 Ill. 535). The same is true in respect of fees for the receiver's attorney when counsel has been appointed by leave of the court (*Ravlin v. Chicago, Aurora & DeKalb R.R. Co.* (1921), 297 Ill. 130, 129 N.E. 730; *Stevens v. Hadfield* (1902), 196 Ill. 253, 63 N.E. 633). However, this rule by its terms does not cover the situation where the income produced is

inadequate. In such a case the receiver's fees are a charge against the premises (*Prudence Co. v. Illinois Women's Athletic Club* (1936), 284 Ill. App. 210, 1 N.E.2d 702; *Miller v. American Light & Fixture Co.* (1913), 181 Ill. App. 623), and may be charged against the party who secured his appointment if that party has acted in bad faith (*Prudence Co.*; *Compton v. Paul K. Harding Realty Co.* (1972), 6 Ill. App. 3d 488, 285 N.E.2d 574). Accordingly, none of this authority would bar imposition of a first and prior lien for receiver's fees in the present case, where it is admitted that the income of the subject premises was inadequate and that the plaintiff-mortgagee knew it would be when he sought appointment of a receiver. The practice of establishing a first and prior lien has been upheld in *Clapham v. Kapes* (1937), 289 Ill. App. 623, 7 N.E.2d 499, and we see no abuse of discretion in the circuit court's action in the present case.

■■■ Indeed, such action is consistent with prevailing principles of receivership. The joint treatment of receiver's and receiver's attorney's fees is in keeping with the accepted practice of regarding the attorney's fees as more properly a part of the receiver's own fees (*County Corp. v. Semmes* (1935), 169 Md. 501, 526, 182 A. 273). Because the receiver's fees constitute a charge against the receivership property, the circuit court's establishment of a lien for such an amount was within that court's discretion. As to the priority of that lien, it is widely accepted that the charge arising from a receiver's fees has priority over those arising from taxes (*In re Columbia Ribbon Co.* (3d Cir. 1941), 117 F.2d 999; *R. Bauer & Son v. Wilkes-Barre Light Co.* (1922), 274 Pa. 165, 117 A. 920), and even over charges arising from receiver's certificates or operating expenses (*Campbell v. Nichols* (1927), 145 Wash. 614, 261 P. 408). Moreover, the fees of a receiver are to be paid from receivership property before assets are distributed, and where a lienholder consents to appointment of a receiver he may be compelled to pay an appropriate share of the receiver's fees. *Nessler v. Industrial Land Development Co.* (1903), 65 N.J.Eq. 491, 56 A. 711; 2 Clark on Receiverships §641, at 1089 (1959).

Because of the type of property involved in the present case, the granting and foreclosure of a receiver's lien as a prior lien was not an inappropriate means to ensure payment of the receiver's fee in accordance with the foregoing principles. See *Pittsburgh Plate Glass Co. v. Kransz* (1919), 291 Ill. 84, 92, 125 N.E. 730.

Appellants' third contention, that the decree of foreclosure of November 24 was fatally defective is based solely on the argument that certain fees were included under it which were erroneous. The fees in question are those which reflect the efforts and expenses incurred by the receiver and his attorney in collecting fees due as a result of the receivership. Appellants have not disputed the size of the amount awarded, but have contended rather that no amount could properly have

been awarded for attorney's fees for services rendered after the receiver was discharged.

■■ It is true that, as a general rule, no such fees may be awarded. (*Montpelier Cup & Metal Works v. Dilsaver* (1913), 179 Ill. App. 490.) However, an exception to this rule is recognized where the receiver employs counsel to defend his report if it is referred to a master. (*Chicago Title & Trust Co. v. Chicago Trust Co.* (1936), 284 Ill. App. 247, 1 N.E.2d 87; *Wright v. Matters* (1920), 220 Ill. App. 131.) We regard the analogy between defending a receiver's report before a master and making efforts to secure and enforce a judgment for receiver's fees as not so protracted as to permit the action of the circuit court in the present case to be regarded as an abuse of discretion.

For the foregoing reasons, the decree of the circuit court of November 24 is hereby affirmed.

Affirmed.

O'CONNOR and LINN, JJ., concur.