2022 IL App (1st) 220008-U

No. 1-22-0008

Second Division
December 13, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| CARL E. DAHLGREN, "Chicago Life and Trust Co. as Trustee No. S-11048 dated 6/27/90," | ) ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 21 M 51324 |
| MICHAEL A. MARTIN and ROBERT J. TALERICO, | ) ) ) | Honorable |
| Defendants-Appellees.[1] | ) ) | Kathleen Burke, Judge, presiding. |

_____

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Ellis concurred in the judgment.

------

[1] The caption on Dahlgren's notice of appeal identifies the appellants as "Carl E. Dahlgren + Chicago Life and Trust Co. as Trustee No. S-11048 dated 6/27/90." However, under the section titled "Name of Each Person Appealing," he only lists "Carl E. Dahlgren" as the plaintiff-appellant. The parties in this case dispute whether the trust was properly joined as a party to the action. We do not reach that issue in this order and follow the notice of appeal as filed in this court. As such, we will refer to the appellant in this appeal as only Dahlgren.

**ORDER**

¶ 1    *Held*:    This appeal is dismissed for appellant's failure to comply with the supreme court rules governing appellate briefs and the incompleteness of the record, both of which hinder meaningful review in this court.

¶ 2    This action stems from the sale of real property held in a land trust. Plaintiff-appellant Dahlgren filed a complaint against defendants-appellees Michael A. Martin and Robert J. Talerico, seeking reimbursement for his overpayment of property tax credit pursuant to a tax proration agreement. Defendants filed a motion to dismiss the first amended complaint pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 2-619 (West 2020)). Dahlgren appeals from the court's order dismissing the complaint, arguing that (1) there was no improper joinder of the trustee; (2) the agreement was valid; (3) there was consideration for the agreement; and (4) he has a viable claim of unjust enrichment. For the reasons that follow, we dismiss this appeal.

¶ 3                                              I. BACKGROUND

¶ 4    Preliminarily, we note that no report of proceedings nor an acceptable substitute has been made part of the record on appeal. See Ill. S. Ct. R. 321 (eff. Feb. 1, 1994); Ill. S. Ct. R. 323 (eff. July 1, 2017). As such, we provide the following background as can be gleaned from the common law record.

¶ 5    The property at issue in this case is 7224 W. 60th Street, Summit, Illinois in Cook County. This property was held in a land trust, Trust No. S-11048 dated June 27, 1990, with Chicago Title Land Trust Company (CTLT)[2] as the trustee and Dahlgren as the sole beneficiary.

¶ 6    On December 30, 2015, a commercial sales contract for the property at issue was executed. The contract first lists the buyer as "Michael A. Martin and Robert J. Talerico, undivided 50%

---

[2] Dahlgren incorrectly identifies the trustee in his amended complaint and here on appeal. We adopt the accurate title for the trustee throughout this order.

interest" and the seller as "Chicago Title Trust #S-11048 Dated June 27, 1990." As relevant here, paragraph 4 provided for "Prorations," stating that the parties "agree to re-prorate any unbilled real estate tax bill prior to the date of [C]losing." The signature page indicated that the offer was made on December 28, 2015 and was accepted on February 1, 2016. It contains signatures of both defendants as the buyers. Although the printed name of the seller is not provided, the seller's signature appears to read "Carl Dahlgren." The line for "Corporation/Limited Liability Corporation (LLC)" states "Chicago Title & Trust #S-11048 Successor" and the line for "Address" states "Trustee to LaSalle Nat Bank Association." No other signature appears on the document.

¶ 7       On February 1, 2016, Dahlgren and defendants signed a "Memorandum of Understanding." The document incorporated the purchase contract, except that the parties agreed to extend the closing date to May 1, 2016. It further stated that "seller" would vacate the property and tender it in "broom-swept clean condition." Upon execution of the memorandum, defendants were to tender $50,000 into an account for the benefit of the parties. There is no signature from CTLT on the document.

¶ 8       On May 19, 2016, CTLT executed a document titled "Direction to Convey," which indicated that CTLT was authorized to convey the property deed to defendants and to close the trust. This document was signed by Dahlgren and CTLT's representative.

¶ 9       On May 24, 2016, the "[s]ellers and [p]urchasers" mutually agreed to amend the purchase contract. The amendment extended the closing date to June 9, 2016. It also stated that "all terms and provisions" of the contract and memorandum "continue in full force and effect." This document in the record was signed by CTLT's representative. Neither Dahlgren's nor defendants' signatures appear on the amendment.

¶ 10    On June 9, 20216, CTLT conveyed the property to defendants. This document was properly signed by CTLT's representative.

¶ 11    On June 28, 2016, Dahlgren and defendants signed a tax proration agreement, which provided that Dahlgren would give defendants a tax credit from January 1 to June 28, 2016 and upon receipt of the tax bill for 2016, defendants would reimburse Dahlgren for the "reprorated amount[.]" CTLT was not referenced in this agreement and its representative did not sign the document.

¶ 12    On March 15, 2021, Dahlgren filed a complaint in the circuit court of Cook County, alleging that defendants must reimburse him for his overpayment of the property tax credit for 2016 pursuant to the purchase contract and tax proration agreement.

¶ 13    On April 29, 2021, defendants filed a motion to dismiss Dahlgren's complaint pursuant to sections 2-606 and 2-619 of the Code (735 ILCS 5/2-606, 2-619 (West 2020)). Therein, defendants argued that, contrary to Dahlgren's assertions in the complaint, he was not the seller of the property in question. Rather, the seller was CTLT as trustee of the land trust holding the property. As such, defendants argued that the complaint must be dismissed because Dahlgren lacked standing to bring the action against defendants and Dahlgren did not attach any exhibit verifying that "he is the beneficial owner of the trust with power of direction." Defendants also argued that the complaint must be dismissed because Dahlgren did not attach the contract of sale for the property in violation of section 2-606 of the Code. Finally, defendants argued that the tax proration agreement attached to Dahlgren's complaint was not a valid contract because the trust was the owner of the property, not Dahlgren, and because the agreement lacked consideration.

¶ 14    On May 10, 2021, the circuit court entered an order, granting Dahlgren's oral motion to amend his complaint.[3] According to the order, the deadline to file his amended complaint was June 1, 2021.

¶ 15    On June 8, 2021, Dahlgren filed his first amended complaint. In this amended complaint, he added to the case caption as a plaintiff, "Chicago Title and Trust Company, a corporation of Illinois, as successor trustee to LaSalle Bank National Association, uta dated 27th June, 1990 and known as trust Number S-11048[.]" The amended complaint also explicitly sets forth two counts: count I alleging breach of contract and count II alleging unjust enrichment. The allegations in count I are largely the same as in the initial complaint. Count II alleged that defendants wrongfully retained the overpayment of the 2016 tax credit and were unjustly enriched in the sum of $38,838.83 to the detriment of Dahlgren. To support this allegation, plaintiffs attached the relevant tax bills.

¶ 16    Notwithstanding the June 8, 2021 filing of his first amended complaint, on June 14, 2021, plaintiffs, then identified as Dahlgren and CTLT, filed a motion for extension of time to file their first amended complaint. In that motion, plaintiffs alluded to defendants' objection to the late filing of the first amended complaint without leave of court. Plaintiffs requested that the action proceed on the first amended complaint. They also requested sanctions against defendants "for the unnecessary attorney fees caused by their wrongfully[*sic*] refusal to accept a one week delay in filing."

---

[3] As this motion was made orally before the circuit court, it is not found in the record on appeal.

¶ 17    The circuit court granted the motion for extension of time and stated that the first amended complaint would stand *instanter*. The order also granted defendants' request for additional time to respond to the amended complaint.

¶ 18    On July 22, 2021, defendants filed a motion to dismiss the amended complaint, pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2020)). Defendants argued that (1) it was improper to add the trust as a plaintiff because it was closed on June 28, 2016 and had not been reopened and Dahlgren did not obtain leave of court to add the party; (2) the tax proration agreement was invalid as a contract because it was signed by Dahlgren instead of the trustee; (3) there was no consideration for the agreement; and (4) count II alleging unjust enrichment must be dismissed because there was no evidence of fraud and the purchase contract rendered the claim inapplicable. A number of documents were attached as exhibits to the motion, which have been described above.

¶ 19    In response, plaintiffs contended that CTLT was properly added as a plaintiff with leave of court and counsel had "authority" to add CTLT. They further argued that the agreement was signed by both parties and did not involve the title of the property but the property taxes. They asserted that defendants misled Dahlgren in entering into an agreement with which they had no intention of complying. In regards to count II, plaintiffs contended that there was clearly evidence of defendants' false representations because they induced Dahlgren to assist with the tax appeal to reduce the taxes but they never intended to follow through with the tax proration agreement.

¶ 20    Defendants' reply brief further expounded on their original arguments. Attached to defendants' reply was a document from CTLT indicating that the trust at issue was closed on July 13, 2016 and had not been reopened.

¶ 21     Following the hearing on the motion, plaintiffs filed a motion for leave to file an affidavit for the purposes of correcting counsel's statements made at the hearing and submitting additional exhibits.

¶ 22     On December 1, 2021, the circuit court entered an order granting defendants' motion to dismiss plaintiffs' amended complaint and denying the motion for leave to file affidavit.

¶ 23     This appeal followed.

¶ 24                                     II. ANALYSIS

¶ 25     We first address defendants' argument that Dahlgren failed to submit a complete record on appeal as there was no report of proceedings filed with this court and that his brief on appeal fails to comply with the requirements of Illinois Supreme Court Rule 341. Specifically, they point out that the brief does not contain citations to the record nor citations to authority to support Dahlgren's arguments on appeal.

¶ 26     The appellant has the burden to present a sufficiently complete record on appeal. *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001) (citing *Foutch*, 99 Ill. 2d at 391-92). "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Id.* "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch*, 99 Ill. 2d at 392.

¶ 27     As happens too often in this court, Dahlgren has failed to provide this court with a report of proceedings, bystander's report, or an agreed statement of facts in accordance with supreme court rules. Ill. S. Ct. R. 323(c), (d) (eff. July 1, 2017). An appellant's failure to present a complete record on appeal does not automatically mandate dismissal of the appeal or affirmance of the circuit court's judgment if the record as it stands allows the resolution of the issues on appeal. *Landau & Associates, P.C. v. Kennedy*, 262 Ill. App. 3d 89, 92 (1994). Because our review of the

circuit court's decision to grant a motion to dismiss pursuant to section would be *de novo*, the failure to include the report of proceedings does not necessarily hinder this court's review, as we give no deference to the circuit court's decision. See *Friedl v. Airsource, Inc.*, 323 Ill. App. 3d 1039, 1042 n. 2 (noting that, because the matter before the court was subject to *de novo* review, the rationale for the trial court's dismissal was not essential to the disposition on appeal).

¶ 28    However, we do point out that one of the issues on appeal is the propriety of Dahlgren's joinder of a party and, based on our review of the record, Dahlgren made an oral motion to amend his complaint during a hearing before the circuit court on defendants' initial motion to dismiss. Not only do we not have evidence of this motion, we also do not have a transcript of the discussion had on the record regarding the joinder of additional parties. See *Rosenblatt v. Michigan Avenue National Bank*, 70 Ill. App. 3d 1039, 1042 (1979) ("[A]ffirmance is dictated if the record omits crucial facts.").

¶ 29    Dahlgren has also submitted a noncompliant brief and his arguments are forfeited.

¶ 30    A reviewing court is entitled to briefs that present an organized and coherent legal argument in accordance with the supreme court rules. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). To this end, Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020) sets forth in detail the required form and contents of appellate briefs. The supreme court rules are not suggestions, and we may strike a brief for failure to comply with the rules. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12. Likewise, we have the authority to dismiss an appeal where the appellant's brief does not comply with Rule 341's requirements. *Epstein v. Davis*, 2017 IL App (1st) 170605, ¶ 22.

¶ 31    Although Dahlgren's statement of facts is not as thorough and well-written as it could be, the most egregious flaws in his brief, and those which we believe result in forfeiture of his arguments, concern the absence of almost any legal authority.

¶ 32    Rule 341(h)(3) requires the appellant to include "a concise statement of the applicable standard of review for each issue with citation to authority." Ill. S. Ct. R. 341(h)(3) (eff. Oct. 1, 2020). Dahlgren fails to set forth a standard of review anywhere in his brief.

¶ 33    Rule 341(h)(7) states that the argument section "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." Ill. S. Ct. R. 341(h)(7). A reviewing court is entitled to have the issues clearly defined and with citation to pertinent authority. *People ex rel. Illinois Dept. of Labor v. E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. Further, this court is not a depository upon which the parties may foist the burden of research. *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 12. A point not argued or supported by citation to relevant authority does not satisfy Illinois Supreme Court Rule 341(h)(7) and results in forfeiture. *E.R.H. Enterprises*, 2013 IL 115106, ¶ 56. "Mere contentions, without argument or citation to authority, do not merit consideration on appeal." *Hall*, 2012 IL App (2d) 111151, ¶ 12.

¶ 34    Dahlgren has provided almost no legal authority to support his arguments on appeal, which suggests that he wishes this court to perform that work for him. His arguments that there was no improper joinder of the trust as a party and that the agreement was valid contain a single citation to the statute on misjoinder and one citation to the case upon which defendants' relied in their motion to dismiss. His argument that there was consideration for the agreement does not cite to any authority whatsoever. Effectively, he makes a number of conclusory assertions without any legal support. This court cannot merely overlook the paucity of legal support.

¶ 35 The argument in regards to unjust enrichment is slightly better, where a few cases involving claims of unjust enrichment are quoted. However, because plaintiffs' argument regarding the joinder of parties was forfeited and we do not have the transcript from court proceedings to determine whether joinder was discussed before the court, we simply cannot address the claim of unjust enrichment. Doing so would assume that joinder was in fact proper.

¶ 36 Moreover, we point out that, during appellate proceedings, defendants filed a motion to strike Dahlgren's brief. This court elected to deny that motion at the time. Nonetheless, that motion put Dahlgren on notice of the brief's insufficiencies prior to the deadline for filing his reply brief. A reply brief, which was never filed with this court, could have cured some of these insufficiencies, *i.e.*, providing this court with any legal authority upon which to grant him relief. See *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8 (stating that "the appellee's responsive brief put [the appellant] on notice of his brief's many deficiencies and the dire consequences for failing to comply with [the supreme court rules]").

¶ 37 Accordingly, because Dahlgren failed to provide supporting authority for his arguments and because the lack of a complete record on appeal makes it difficult to review his claims regardless, they must be forfeited and this appeal must be dismissed.

¶ 38 As a final note, we address Dahlgren's request that we direct the circuit court to impose Illinois Supreme Court Rule 137 sanctions against defendants. He includes this request or suggestion at the end of each argument with little to no reasoning provided. At the end of the brief, he merely asserts that defendants misrepresented legal authority and that defendants' "arguments were not grounded in fact and law." This is an interesting assertion as we have just noted Dahlgren's own failure to ground his arguments in legal authority. It is somewhat galling that

Dahlgren would acknowledge this requirement but seemingly take no notice of its application to himself. In any case, we will not direct the circuit court to impose sanctions.

¶ 39                                        III. CONCLUSION

¶ 40      For the reasons stated, we dismiss this appeal.

¶ 41      Appeal dismissed.