BROADWAY BANK, Plaintiff-Appellant, v. STEVE J. KAKOS *et al.*, Defendants-Appellees (Bertha Kakos, Defendant).

First District (4th Division)   No. 85—2376

Opinion filed August 20, 1987.

Alexander G. Poulakidas, of Chicago, for appellant.

Gerald B. Saltzberg, of Fishman, Fishman & Saltzberg, P.C., of Chicago (Sidney Z. Karasik, of counsel), for appellees.

PRESIDING JUSTICE McMORROW delivered the opinion of the court:

Plaintiff Broadway Bank (bank) instituted citation proceedings against defendant Dena E. Kakos (Dena) to satisfy a foreign judgment it had obtained against her in the amount of $231,654.87. The bank requested that the trial court apply to Dena's judgment debt certain monthly payments she received from her former husband, Steve Kakos (Steve), which were being paid by Steve pursuant to a judgment dissolving his marriage to Dena. The trial court found that the payments were alimony or income to Dena, exempt from application to the judgment to the extent necessary for Dena's "support" or "reasonable requirements." (Ill. Rev. Stat. 1985, ch. 110, pars. 2—1402(b)(2), 12—1001(g)(4).) The bank appeals. We affirm the trial court's finding that the payments are alimony, rather than payments pursuant to a division of property rights.

The bank, a judgment creditor, registered a foreign judgment in the amount of $231,654.87 against Dena in April 1984. Subsequently, the bank filed a citation to discover assets. It petitioned the trial court to order Dena to deliver to the bank, among other things, the $1,500 monthly payments she would receive from Steve each month from December 1984 until June 1991 pursuant to the marriage settlement agreement incorporated into the judgment dissolving the marriage.

In the marriage settlement agreement and judgment, Steve agreed to pay Dena $158,000 "in lieu of periodic maintenance or support." The $158,000 was to be paid as follows: $10,000 within 30 days of the execution of the agreement, $500 per month from July 1981 until February 1984, and $1,500 per month from March 1984 until June 1991. The agreement provided that payments were to terminate upon the death of either spouse. In the property settlement agree-

ment, Dena received specifically described real estate, certain stocks and bonds, an automobile, a loan receivable, and miscellaneous personal property.

Based on the testimony presented on the bank's petition to discover assets, the trial court found Steve's payments to constitute alimony, support, or income to Dena, exempt from garnishment or application to a judgment debt to the extent necessary for Dena's "support" or "reasonable requirements." (Ill. Rev. Stat. 1985, ch.110, pars. 2—1402(b)(2), 12—1001(g)(4).) The trial court determined that Dena's "reasonable requirements" and the amount "necessary for her support" was $1,275 each month. It ordered Dena to pay the bank $225 from the $1,500 she received monthly from Steve. The bank appeals.

The bank contends that the trial court erred in finding Steve's payments to be alimony, support, or income exempt from garnishment. The bank asserts that the payments by Steve are maintenance in gross. It further argues that because maintenance in gross has been described as being "in the nature of a property settlement," Steve's payments to Dena are not alimony; thus, the bank argues, the entire amount of each payment should be applied to the judgment. *Ihle v. Ihle* (1981), 92 Ill. App. 3d 893, 896, 416 N.E.2d 366, 369, citing *Pacione v. Pacione* (1980), 81 Ill. App. 3d 600, 605, 402 N.E.2d 316, *appeal denied* (1980), 81 Ill. 2d 594.

■ A court may compel a judgment debtor to apply any assets in the debtor's possession to a judgment debt. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1402(b)(1).) A judgment creditor may execute or levy on money owed to the judgment debtor. (*Deschauer v. Hilt* (1982), 105 Ill. App. 3d 657, 434 N.E.2d 552; *National Bank v. First Wisconsin National Bank* (1977), 48 Ill. App. 3d 915, 363 N.E.2d 619.) "[A]limony, support or separate maintenance," however, are exempt from application on a judgment to the extent necessary for the support of the judgment debtor. Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(g)(4).

Generally, "alimony" falls into two categories: (1) ordinary or periodic alimony, and (2) alimony in gross, sometimes referred to as lump sum alimony or as maintenance in gross. (*Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 189, 234 N.E.2d 372; see also *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 994-96, 431 N.E.2d 1, *appeal denied* (1982), 91 Ill. 2d 560.) Maintenance in gross has the same meaning that alimony in gross has traditionally had in Illinois. *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 298, 478 N.E.2d 326.

■ ■ Maintenance in gross is a nonmodifiable sum certain to be paid either in a lump sum or in installments over a fixed period re-

gardless of changes in circumstances. (See generally *In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 478 N.E.2d 326; *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 431 N.E.2d 1.) Upon a review of the parties' marital settlement agreement, we conclude that the award in the instant case is maintenance in gross, a form of alimony.

The description of maintenance in gross as "in the nature of a property settlement" for certain purposes does not alter its legal status as alimony here. Notwithstanding the various characterizations given to maintenance in gross, the fundamental purpose of a maintenance in gross allowance is the support and maintenance of the recipient spouse. (See *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 994-96, 431 N.E.2d 1; *Palacio v. Palacio* (1975), 33 Ill. App. 3d 1074, 1078-79, 339 N.E.2d 427.) Maintenance in gross falls within the legal definition of alimony. See *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 994-96, 431 N.E.2d 1; *Roberts v. Roberts* (1967), 90 Ill. App. 2d 184, 189, 234 N.E.2d 372.

Whether the payments at issue here are genuinely maintenance in gross, a form of alimony, depends on an examination of the agreement between the parties and a determination of their intent. (See *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 994-96, 431 N.E.2d 1.) The decree describes the payments as being "in lieu of periodic maintenance or support." These words or similar words are often used to describe awards of maintenance in gross. (See, *e.g.*, *In re Marriage of Burgstrom* (1985), 135 Ill. App. 3d 854, 857, 482 N.E.2d 383; *Imbrie v. Imbrie* (1968), 94 Ill. App. 2d 60, 64, 236 N.E.2d 381; see also Ill. Rev. Stat. 1975, ch. 40, par. 19.) We find that the marital settlement agreement's description of the award as being "in lieu of periodic maintenance and support" is evidence that the parties intended that these payments be regarded as maintenance in gross.

In addition to the property settlement's description of the payments as "in lieu of periodic maintenance or support," the agreement contains separate provisions for the satisfaction of the wife's rights other than support. The decree provides that Dena is to receive specifically described real estate and certain other designated property. The agreement also allocates responsibility for the marital debts. The allocation of specified property between the parties in a marriage settlement agreement is an important factor in determining whether the payments under that agreement are alimony. See *In re Marriage of Mass* (1981), 102 Ill. App. 3d 984, 994-96, 431 N.E.2d 1.

Relying on the only evidence before us, the marriage settlement agreement, we cannot conclude that the division of property was insufficient to satisfy Dena's legal and equitable rights in the property

accumulated during the marriage. The trial court's finding that the payments were intended as alimony was not against the manifest weight of the evidence or clearly erroneous.

The bank argues that the payments must be regarded as payments incident to a property settlement (*Walters v. Walters* (1950), 341 Ill. App. 561, 94 N.E.2d 726, *aff'd* (1951), 409 Ill. 298, 99 N.E.2d 342), and that a property settlement is a contractual debt subject to garnishment. (*McNelis v. Bruce* (1961), 90 Ariz. 261, 367 P.2d 625.) In *Walters*, unlike the instant case, the wife assigned to her husband all her rights in the marital estate; she received payments under the decree, although she had no need for support. The court in *Walters* held that the payments were in exchange for the assignment of the wife's rights in the marital estate. In *McNelis*, all the community assets of any substance were given to the husband. The agreement in *McNelis* stated that the payments to the wife were in lieu of " 'any property settlement or support rights or alimony for the wife.' " (90 Ariz. 261, 270, 367 P.2d 625, 631.) *McNelis* held the payments were a substitute for the spouse's rights in the community estate and only incidentally alimony. Our examination of the instant record reveals that the payments here are "in lieu of periodic maintenance and support," and not in lieu of property rights in the marital estate. Also, Dena received a property settlement, and there is no evidence to indicate she was ineligible for support. We find both *Walters* and *McNelis* distinguishable from the instant case.

■■ Finally, the bank argues that because of the remarriage of Dena and the legal obligation of her current husband to support her, the payments may not be considered alimony. The Illinois Supreme Court has held that marriage settlement agreements may extend maintenance payments beyond the recipient's remarriage. (See *In re Marriage of Kozloff* (1984), 101 Ill. 2d 526, 532-34, 463 N.E.2d 719, citing Ill. Rev. Stat. 1979, ch. 40, pars. 502(f), and 510(a), and Ill. Rev. Stat. 1981, ch. 40, par. 510(b).) The bank cites no case law, nor has our research revealed any, that supports the proposition that the recipient's remarriage transforms exempt alimony to a nonexempt debt owing to the judgment debtor.

We determine that the trial court correctly found that Steve's payments to Dena are alimony. Therefore the payments are exempt to the extent necessary for Dena's support. (Ill. Rev. Stat. 1985, ch. 110, par. 12—1001(g)(4).) The bank does not challenge the trial court's findings with respect to the amount necessary for Dena's support. Thus we do not consider the soundness of the trial court's findings regarding Dena's needs.

As an alternative holding, the trial court also found that the payments were exempt as income to the extent of Dena's reasonable requirements. (Ill. Rev. Stat. 1985, ch. 110, par. 2—1402(b)(2).) Because we find that these payments are alimony, we need not and do not decide whether the payments are income.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.