*In re* MARRIAGE OF BARBARA J. HILDEBRAND, Plaintiff-Appellant, and THOMAS E. HILDEBRAND, Defendant-Appellee.

Fifth District   No. 5—85—0837

Opinion filed February 22, 1988.

David M. Fahrenkamp, of Hackett & Fahrenkamp, of Edwardsville, for appellant.

Thomas E. Hildebrand, Jr., of Brandt, Slate & Hildebrand, of Granite City, and Dennis Shevlin, of Cook, Shevlin, Keefe & Chatham, of Belleville, for appellee.

PRESIDING JUSTICE HARRISON delivered the opinion of the court:

Barbara Hildebrand (petitioner) and Thomas Hildebrand (respondent) were married on June 8, 1982. The circuit court of Madison County granted petitioner's prayer for dissolution on April 29, 1985, and awarded her, *inter alia*, child support of $500 per month and $12,000 of rehabilitative maintenance payable in installments of $500 per month. On June 20, 1985, respondent moved to modify the marital separation agreement as incorporated in the judgment of dissolution, alleging an adverse change in circumstances affecting his ability to pay maintenance and support. Petitioner subsequently filed a motion to compel payment and for a rule to show cause why respondent should not be held in contempt for willful and contumacious refusal to comply with the judgment of dissolution. On November 26, 1985, the circuit court terminated respondent's rehabilitative maintenance obligations, credited respondent's accumulated arrearage for $2,500 paid to petitioner from the parties' 1984 tax refund, and denied petitioner's prayer for contempt. Petitioner appeals, contending that the circuit court erred: (1) when it modified a lump sum rehabilitative maintenance award; (2) when it included petitioner's share of the parties' 1984 income tax refund in a credit to respondent's arrearage; and (3) when it denied, against the manifest weight of the evidence, petitioner's prayer that respondent be sanctioned for contempt. For the reasons which follow, we affirm in part and reverse in part.

■ Initially, we note that the petitioner failed to submit to this court a report of the trial proceedings on November 26, 1985, as provided for by Supreme Court Rule 323 (87 Ill. 2d R. 323). The absence of a report of proceedings deprives the reviewing court of a basis for reaching issues of sufficiency of evidence (*Rosenblatt v. Michigan Avenue National Bank* (1979), 70 Ill. App. 3d 1039, 1042, 389 N.E.2d 182, 185), and in the absence of an adequate record we must presume that the trial court's resolution of the issues conforms to the law and

rests on a sufficient factual basis (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 585, 498 N.E.2d 246, 248).

Respondent petitioned to modify the rehabilitative maintenance award shortly after the dissolution, alleging a substantial change in circumstances due to his law partner's contraction of a debilitating disease and the partner's consequential inability to contribute to the firm's income. Subsequent to the motion to modify, respondent discontinued support and maintenance payments and went into arrears. On November 26, 1985, the circuit court of Madison County terminated respondent's maintenance obligations. Petitioner contends that the circuit court erred as a matter of law in terminating respondent's obligations because the award was a property settlement of maintenance as authorized by section 510(a) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)) and not modifiable. Respondent answers that "[t]his case does not in any way involve a property settlement, nor a lump-sum property settlement payable in installments." Thus the threshold question is whether the maintenance is in gross or periodic. If the maintenance is in gross, we must consider whether the trial court erred as a matter of law when it terminated respondent's maintenance obligations.

The circuit court in its order of termination relied on this court's holding in the case of *In re Marriage of Stephenson* (1983), 121 Ill. App. 3d 698, 460 N.E.2d 1, as dispositive of the issue of modification of maintenance obligations. *Stephenson* did not address the legal significance of characterizing maintenance as in gross or periodic. Since the circuit court did not guide us on the factors it weighed in determining the nature of the maintenance, we must examine the common law record to consider whether the circuit court's termination of respondent's obligations rests on a sufficient factual base. This inquiry must focus on the characterization of the maintenance agreement at the time the parties entered into the dissolution.

■■ ■ As in any contract case, the court's construction of the terms of the maintenance agreement must effectuate the intent of the parties at the time the agreement was executed. (*Puckett v. Oelze* (1985), 134 Ill. App. 3d 1020, 1025, 481 N.E.2d 867, 871.) The court must determine the parties' intent from the written agreement. "Unless the agreement is incomplete or ambiguous, the intent of the parties must be determined from the language of the settlement agreement itself." (*Olson v. Olson* (1983), 114 Ill. App. 3d 28, 31, 448 N.E.2d 229, 233.) The marital separation agreement drafted by the petitioner and adopted by the circuit court in its judgment of dissolution is clear and unambiguous in its characterization of the mainte-

nance award. The relevant section of the agreement states that: "Husband shall pay Wife rehabilitative maintenance in a *lump sum* of $12,000.00 payable in installments of $500.00 per month on the first (1st) and fifteenth (15th) day of each month through the Clerk of the Circuit Court of Madison County commencing with the execution of this agreement for a period of the next two years." (Emphasis added.)

The primary distinguishing characteristic between periodic maintenance and maintenance in gross is the definite sum and vesting date of maintenance in gross. (*In re Marriage of Davis* (1984), 124 Ill. App. 3d 1088, 1094, 465 N.E.2d 155, 158, *aff'd as mod.* (1985), 106 Ill. 2d 290, 478 N.E.2d 326; *Walters v. Walters* (1950), 341 Ill. App. 561, 581, 94 N.E.2d 726, 735 (Niemeyer, P.J., specially concurring), *aff'd* (1951), 409 Ill. 298, 99 N.E.2d 342.) The marital separation agreement executed by petitioner and respondent prescribes that the respondent pay a lump sum over a definite number of installments. This court must conclude that the intent of the parties, as determined from the written marital separation agreement, was to create an award of maintenance in gross in a lump sum payable over a definite number of installments.

The section of the Illinois Marriage and Dissolution of Marriage Act covering maintenance in gross (Ill. Rev. Stat. 1985, ch. 40, par. 510(a)), prescribes that in-gross dispositions of property in a marriage dissolution are final absent an averment that conditions justify reopening the judgment. "The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this State." (Ill. Rev. Stat. 1977, ch. 40, par. 510(a).) The statute thus vested petitioner's right to in-gross maintenance on the date of the decree and does not permit modification due to a change in circumstances of one of the parties.

The relevant case law also supports the proposition that maintenance in gross is not modifiable. Respondent in his brief attempts to distinguish a line of adverse cases decided prior to 1977 by asserting that both alimony in gross and the statute which defined alimony in gross (Ill. Rev. Stat. 1975, ch. 40, par. 1 *et seq.*) no longer exist. However, as this court recognized in *Lamp v. Lamp* (1979), 73 Ill. App. 3d 713, 716, 392 N.E.2d 349, 352, *aff'd* (1980), 81 Ill. 2d 364, 410 N.E.2d 31, maintenance in gross and alimony in gross are effectively treated the same, and the new Illinois statute covering in-gross payments of maintenance (Ill. Rev. Stat. 1977, ch. 40, par. 510(a)), is simply a codification of prior law regarding the nonmodifiability of in-gross dispositions. "We interpret maintenance in gross *** to be equivalent to ali-

mony in gross. By definition, awards of maintenance in gross are not modifiable." *In re Marriage of Davis* (1984), 124 Ill. App. 3d 1088, 1096, 465 N.E.2d 155, 160, *aff'd as mod.* (1985), 106 Ill. 2d 290, 478 N.E.2d 326.

■ Petitioner's failure to provide a report of the trial proceedings will not bar this court's review when the issue involves a question of law. (*Chicago City Bank & Trust Co. v. Wilson* (1980), 86 Ill. App. 3d 452, 454, 407 N.E.2d 964, 967.) When a report of the trial proceedings is not provided to the appellate court, the scope of review is limited to a consideration of whether the trial court's determination was substantially insufficient at law. (*Canton v. Chorbajian* (1980), 88 Ill. App. 3d 1015, 1021, 410 N.E.2d 1166, 1171.) Because maintenance in gross is not modifiable in Illinois, the termination of the maintenance award by the circuit court is incorrect as a matter of law and must be reversed.

■ Petitioner's second contention is that the circuit court erred in its disposition of the parties' 1984 income tax refund. The common law record indicates that respondent relinquished a claim to the refund 10 days before trial and the circuit court subsequently reduced respondent's arrearage by the full amount of the refund. Petitioner contends that the court incorrectly included petitioner's share of the parties' 1984 income tax refund of $2,500 in reducing respondent's arrearage and asserts that the court should have divided the sum into two equal parts, award her a moiety of $1,250 and credit the respondent's arrearage only for the remaining $1,250. Respondent argues that the disposition was correct in that the entire refund belonged to him as a reimbursement for an advance made to creditors of the marriage. He asserts that the petitioner owed him the $2,500 refund and that the trial court properly credited the full $2,500 to his account in arrears to effectuate the term of the marital agreement detailing the payment of marital debts.

We are unable to dispute the factual findings of the trial court. "We note that it is the burden of the appellant to furnish a record sufficient to establish reversible error. (*Sandberg v. American Machining Co.* (1975), 31 Ill. App. 3d 449, 334 N.E.2d 246.) Where the record is lacking, a reviewing court will indulge every presumption favorable to the judgment or order appealed from. (*Sandberg.*)" (*Schranz v. I. L. Grossman, Inc.* (1980), 90 Ill. App. 3d 507, 511, 412 N.E.2d 1378, 1383.) The circuit court based its disposition of the $2,500 on a finding that the $2,500 belonged in total to the respondent as a reimbursement for a payment of marital debts. The petitioner is not alleging that the circuit court's determination of this issue was inadequate

as a matter of law, but that the ruling was incorrect as against the weight of the evidence. In the absence of a proper record, we must find that there is a sufficient basis for the trial court's determination of this issue. Thus we are unable to hold that the trial court was manifestly in error in awarding the full amount of the refund to respondent.

▇ Plaintiff's third contention, concomitant to the second, is that the circuit court erred in not holding respondent in contempt for willful and contumacious refusal to pay maintenance and child support after September 3, 1985. The facts are undisputed that respondent stopped payment on a $500 check on September 3, 1985, and made no payments on the amount in arrears until 10 days before trial, when he released the $2,500 tax refund to petitioner. It is also undisputed that respondent made emotional remarks expressing his willful refusal to pay his support and maintenance obligations after September 3, 1985. Respondent contends that the refusal to pay the arrearage was not willful or contumacious but simply a strategy designed to compel petitioner's attorney to relinquish the $2,500 tax refund. He argues that his undeniably emotional remarks were made out of the hearing of the court and hence not contemptuous.

The circuit court found in favor of respondent on this point, and its determination is presumed to be correct. "Where the record fails to 'disclose all of the evidence to the reviewing court, we are required to assume that the evidence heard by the trial court is sufficient to support the judgment' and to affirm the judgment appealed from. *Belcher v. Spillman* (1975), 28 Ill. App. 3d 973, 975, 329 N.E.2d 550[, 552]; see also *Investors Shelter Corp. v. Chernick* (1978), 58 Ill. App. 3d 446, 374 N.E.2d 786, and cases cited therein." (*In re Estate of McGaughey* (1978), 60 Ill. App. 3d 150, 155, 376 N.E.2d 259, 264.) In the absence of a proper record we are unable to rule that the circuit court's finding is against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court is affirmed as to the disposition of the parties' 1984 income tax refund and as to the refusal to hold respondent in contempt. The judgment of the circuit court is reversed as to the termination of petitioner's lump-sum rehabilitative maintenance award.

Affirmed in part; reversed in part.

WELCH and KARNS, JJ., concur.