*In re* MARRIAGE OF WAYNE B. KORAL, Petitioner-Appellee, and CHRISTINE H. KORAL, Respondent-Appellant.

First District (5th Division) No. 1—88—3037

Opinion filed September 22, 1989.—Rehearing denied March 30, 1990.

Christine H. Koral, of Chicago, appellant *pro se*.

Jeffrey, Stewart, Shapiro, Ashman & Associates, of Chicago, for appellee.

PRESIDING JUSTICE MURRAY delivered the opinion of the court:

Respondent-appellant Christine H. Koral,[1] appeals from a judgment entered by the circuit court of Cook County on July 25, 1988, dissolving the marriage between herself and petitioner-appellee Wayne B. Koral. Christine appears *pro se* in this court charging numerous errors requiring reversal of the judgment and remandment of the cause. Wayne has filed a motion to set a bond until certain real estate owned by the parties is sold, and the motion has been taken with the case.

---

[1] We have corrected the caption of this opinion to correspond properly with the parties' status in the trial court.

For the reasons set forth below, we affirm the trial court.

The record discloses that Christine and Wayne were married on November 9, 1968; two children were born to the parties, namely, Aaron (December 12, 1969) and Scott (June 27, 1971); Wayne was employed by the Chicago police department and the Chicago Public Library; and Christine was employed at Cook County Hospital and has a nursing degree from Northwestern University and a master's degree from Case Western Reserve.

On May 15, 1984, Wayne filed a petition for dissolution of marriage, alleging as grounds therefor mental cruelty. The pertinent proceedings occurring after the filing of Wayne's petition are as follows:

1984

May 15—Emergency petition filed by Wayne for a temporary restraining order (TRO) to enjoin Christine from expending, dissipating, removing, selling, transferring or otherwise disposing of $100,000 in marital assets. Granted.

May 24—Motion for a temporary injunction filed by Wayne seeking the same relief granted by the TRO. Continued.

June 4—Injunction entered against both Wayne and Christine prohibiting them from harassing or threatening each other and from taking any action relative to the $100,000 in marital property as previously set forth in the May 15 TRO.

June 20—Appearance by Goldstein, Simon, Briskman & Briskman filed on behalf of Christine.

August 22—Various interrogatories and discovery requests filed by the parties.

1985

February 15—Motion filed by Goldstein, Simon, Briskman & Briskman to withdraw as Christine's attorneys, stating that on numerous occasions they were unable to reach her by telephone or correspondence. Granted.

July 17—Appearance filed by Solomon Gutstein on behalf of Christine.

1986

February 4—Petition for temporary child support, custody and attorney fees filed by Wayne.

February 19—After contested hearing, Wayne awarded sole temporary custody of minor children of the parties, Christine ordered to pay child support in the amount of 25% of her net income or $500 per month, and question of attorney fees continued generally.

February 20—Motion filed by Solomon Gutstein for attorney

fees and to withdraw as Christine's attorney based on Christine's "inability to communicate productively." Motion to withdraw granted. Question of fees continued (and motion later withdrawn on June 12).

April 28—Petition filed by Wayne for rule to show cause as to why Christine should not be held in contempt of court for failure to pay temporary child support pursuant to February 19 order and petition seeking contribution from Christine for attorney fees.

April 29—Christine represented by Ross Shugan, court finds Christine in contempt of court for failure to pay temporary child support and court orders her to pay same and keep current, and question of attorney fees continued to May 13.

May 6—Supplemental petition for attorney fees filed by Wayne.

May 13—Order entered giving Christine 28 days to obtain another attorney and setting Wayne's petition for attorney fees for hearing on June 10 "without further notice" and notwithstanding whether Christine has retained counsel by that date.

June 10 and 17, and July 3—Wayne's petition for attorney fees continued at the request of Christine.

July 17—Contested hearing held on Wayne's petition for attorney fees and Christine ordered to pay his attorneys $2,000.

September 19—Second petition for rule to show cause filed by Wayne, alleging Christine had paid $500 to purge earlier contempt citation but had paid only $150 in child support since May 1986.

October 7—Court finds Christine $3,300 in child support arrears, withholding order is filed, and a rule to show cause is entered as to why Christine should not be held in contempt of court.

December 3—Request by Christine for time within which to obtain another attorney granted.

1987

January 9—Appearance of Elsie G. Holzwarth filed on behalf of Christine.

January 15—Case set for pretrial conference on March 16, and trial on March 17 "if said conference does not result in a resolution of contested issues."

May 11—Motion by Elsie G. Holzwarth to withdraw as attorney for Christine, stating lack of cooperation by Christine and fears that Christine's actions might be taken "merely for the

purpose of harassment," which might result in her being charged with "violations of a disciplinary rule, particularly under Canon 7." Order granting motion to withdraw as counsel granted and Christine allowed 21 days to obtain another attorney.

July 15—Third petition for rule to show cause filed by Wayne, alleging that Christine, even after having been found in contempt of court, is $6,000 in arrears in child support.

July 22—Third petition for rule to show cause continued to August 26 for hearing "without further notice" and whether or not Christine has retained another attorney.

August 26—Rule to show cause issued against Christine and question of attorney fees continued to October 7.

October 7—Court rules all matters relative to Wayne's third petition for rule to show cause to be heard at trial.

1988

April 12—Trial commences. Christine, who is not represented by counsel, requests a continuance. Request denied and Christine proceeds *pro se.*

April 13—Parties enter into an agreement to settle all issues. Christine accepts terms of settlement. Hearing set for April 28 to discuss the settlement reached.

April 28—Christine changes her mind, based on the subsequent advice of "others" and objects to the presentation of the judgment for dissolution. Court reads into the record an *ex parte* communication received by it from Christine in which she states her objection to various provisions of the proposed settlement. Wayne objects to any modification in the agreement, stating that all issues had been resolved. Case continued to May 13 and parties advised by the court that "[e]ither we will continue the trial or you people will have worked out an agreement or the court will enter an order based upon the agreement."

May 13—Parties unable to reach an agreement, and trial resumed. A determination of all issues set for hearing on June 13.

June 13—Court makes specific findings of fact and orders a certified report of proceedings by the court reporter and attorney and that a judgment of dissolution of marriage be prepared and presented within 28 days.

July 22—Judgment for dissolution presented to the court for decision and matter continued to July 25.

July 25—Court enters judgment for dissolution of the parties' marriage.

The judgment for dissolution of the parties' marriage finds that Wayne earned $2,200 per month in wages and Christine $2,755 per month. Wayne's pension plan had a balance of between $40,000 and $43,000. Christine's pension plan balance was approximately $44,228. The parties accumulated three parcels of real estate; a residence and apartment building in Chicago and a time-sharing vacation condominium in Cancun, Mexico. Christine also had a savings account in the amount of $7,000.

After finding that Wayne had sufficiently presented competent material and relevant evidence upon which to base the judgment for dissolution of the parties' marriage, the court ordered as follows: that the parties were forever barred from asserting claims of maintenance against each other; that custody of the parties' children be awarded to Wayne with reasonable visitation rights to Christine; that Christine pay Wayne child support for their two children the greater of 25% of her net earnings from all sources or $500 per month for the period of June 10, 1988, and before, and the greater of 20% of her net earnings from all sources or $500 per month for one child for the period after June 10, 1988; that Christine pay child support arrearages out of her share of proceeds from the sale of certain real estate owned by the parties; that each of the parties assume responsibility for any taxes owed by them individually and jointly; that the parties each assume all outstanding debts individually incurred during their marriage or during the period of their separation; that the parties maintain existing insurance policies on behalf of their children until the happening of certain events; that the parties retain all personal property presently in their individual possession, as well as checking, savings accounts, and certificates of deposit; that each party have full and absolute title to any pension, profit sharing or retirement plan titled in their individual names; that all real estate owned by the parties be sold and the proceeds distributed equally between them, except that a loan owed to Wayne's father in the amount of $8,623 plus interest be deducted first from the proceeds of the sale of the parties' apartment building and that child support arrearages in the amount of $9,769 and attorney fees payable to Wayne in the amount of $9,000 be deducted from Christine's share of the proceeds from the sale of the other two parcels of real estate owned by the parties; and that the parties contribute to the college education of their children in proportion to their respective incomes.

On appeal Christine first argues that she was denied a right to counsel in the dissolution proceedings in violation of Rule 651(c) of the Supreme Court Rules (107 Ill. 2d R. 651(c)). We find this argument is

without merit for three reasons. First, Rule 651(c) involves appeals from post-conviction proceedings, not marriage dissolution proceedings. (107 Ill. 2d R. 651(c).) Secondly, no cases or statutory provisions have been cited by Christine disclosing any right to counsel in a marriage dissolution proceeding and we have been unable to find any. Finally, if there was such a statutory or constitutional requirement, it was not violated in this case. Christine had five different attorneys throughout the proceedings prior to trial. Moreover, as the trial court noted, on April 12, 1988, when Christine attempted to obtain a continuance because she did not have an attorney, she had had one year in which to obtain an attorney and the case had been set for trial 13 months earlier. (See *Lipke v. Celotex Corp.* (1987), 153 Ill. App. 3d 498 (party moving for a continuance must show the exercise of due diligence).) Accordingly, we cannot disagree with the trial court's denial of a further continuance especially in light of the fact that the case had been pending for four years.

■ We also briefly note that Christine was not in fact denied an attorney by the trial judge; she was denied a continuance for the purpose of obtaining *another* attorney on the morning of trial. The granting or denial of a continuance is in most cases a discretionary matter (see *Lipke v. Celotex Corp.* (1987), 153 Ill. App. 3d 498) and, in light of the stated facts of this case, we cannot hold that the trial court abused its discretion in denying Christine yet another continuance.

In her second argument, Christine contends that the judgment of dissolution is in conflict with the manifest weight of the evidence. Christine first argues that the grounds for dissolution of the parties' marriage were not proved, the record only showing the court's "assertion" that evidence had been presented to support the grounds of mental cruelty and irreconcilable differences.

■■ ■ It is impossible for this court on the record to review the evidence presented on Christine's "grounds" issue because she has failed to provide this court with a complete record, *i.e.*, the transcript of the afternoon proceedings on April 12, 1988, which Wayne asserts contained the presentation of evidence supporting the grounds for dissolution of the parties' marriage. An appellant has the burden of providing a complete report of proceedings which includes all evidence pertinent to the issues raised on appeal (107 Ill. 2d R. 323) and, in the absence of an adequate record, as here, we must presume that the trial court's resolution of this issue conforms to the law and rests on a sufficient factual basis (see *In re Marriage of Hildebrand* (1988), 166 Ill. App. 3d 795). Moreover, under the circumstances, Christine in fact admitted that the grounds were proved as indicated by the following col-

loquy in the transcript of proceedings held on May 13, 1988:

"THE COURT: Is that it, Mrs. Koral, for this witness [Wayne Koral]?

MS. KORAL: Well, I don't know that I can ask other than what I have asked before except we never did get to grounds, which I was told I didn't have any evidence for that, your Honor.

THE COURT: I think the grounds were covered much earlier. What was the date the grounds were covered?

MR. ASHMAN [Plaintiff's counsel]: Either on 4-12—.

MS. KORAL: For his side.

THE COURT: Madam, the court hears evidence.

MR. ASHMAN: For the record, ample evidence was given for mental cruelty.

THE COURT: Just tell me when.

MR. ASHMAN: It was either April 12th or April 13th.

THE COURT: Frankly, I believe it was both.

MR. ASHMAN: We started April 12th and we finished April 13th. The grounds are mental cruelty, and they were thoroughly discussed, your Honor, and also the irreconcilable differences.

MS. KORAL: *Oh, yeah, it was the 13th.*

THE COURT: *The 13th?*

MS. KORAL: *Yes.*

THE COURT: Gone [*sic*] through the 12th at this moment—

MR. ASHMAN: I believe it was both days.

MS. KORAL: Judge, right after Mr. Ashman—

THE COURT: I have it. Wayne Koral was testifying on April 12th. He testified as to residence. You had testimony as to the marriage and the number of children. He testified to irreconcilable differences, date of separation. Grounds were established." (Emphasis added.)

Although Christine believed the date of presentation of evidence relevant to the grounds for dissolution of the parties' marriage was April 13, rather than April 12 as Wayne asserts, she *does admit* that such evidence *was presented* and, according to the foregoing, the trial court determined that the evidence was presented on April 12 from the record before him. Christine's argument on this issue is therefore without merit.

We also reject Christine's asserted errors, numbers 3 to 12, which pertain to almost every one of the trial court's findings relative to the earnings and property of the parties, the sharing of debts and income taxes, payment of child support and arrearages, payment of attorney

fees to Wayne's counsel as a sanction against Christine's failure to pay child support, maintenance of insurance policies on behalf of the parties' children, and provision for the college education of the parties' children.

The record reveals that on April 13, 1988, after hearing the testimony of an appraiser of real estate, a witness from the Cook County Hospital, and Christine, the trial court discussed settlement of the matter item by item. After what appears to be a settlement of the parties' rights, the matter was continued to April 28, 1988. On that date the trial judge read into the record a letter he received from Christine indicating her dissatisfaction with the settlement and advising the court she would not be prepared to discuss the proposed agreement. A discussion was again had on settlement and the cause was continued to May 13, 1988. On May 13, 1988, Christine again appeared *pro se*, indicated she disagreed with the proposed settlement and trial resumed. Also on May 13, June 13,[2] and July 25, the same issues referred to in the proposed agreement were considered anew. On July 25, the court entered judgment based on the evidence adduced at all the proceedings.

■ We find, based on the record, that a more than fair, conscientious attempt was made by the trial court to resolve the problems posed by a petition for the dissolution of marriage between a husband who desired that the marriage be dissolved and a wife who was represented at times by a number of attorneys and finally represented herself. The court gave Christine every opportunity to present evidence rebutting the evidence presented by Wayne and the conclusions reached by itself. Our review of the record discloses that Christine simply did not present evidence to support her contentions, and her arguments before this court appear to be an attempt to relitigate this matter based merely on her dissatisfaction with the court's judgment.

For example, the finding that Wayne, a Chicago police officer and part-time security guard earned a net income of only $2,200 per month may seem astonishing when compared to Christine's found salary of $2,755 per month as a county employee. The record on appeal discloses that the finding as to Christine's net income was based on documentary evidence not included in the record on appeal. With respect to Wayne's income, the record is not clear as to on what evidence the

---

[2]The transcript of proceedings on June 13, in which the trial court made its findings of fact, is not in the record, and, therefore, we must presume that the court's findings conform to the law and rest on a sufficient factual basis. See *In re Marriage of Hildebrand* (1988), 166 Ill. App. 3d 795.

trial court based its finding of Wayne's net income. In answers to interrogatories contained in the appellate record, Wayne attested to a gross income of about $38,00 in 1985. At the April 1988 hearing, the following colloquy between the court, Wayne and Christine appears:

"THE COURT: *** Now generally speaking you [Christine] are earning $35,000.00 per year and he [Wayne] is earning about what?

MS. KORAL [CHRISTINE]: He said with the Library 41.

THE COURT: And 41 and 35 is 76.

MR. KORAL [WAYNE]: Your honor, that $41,000 is gross income.

THE COURT: Sir, I understand that. I have covered that."

What facts made the trial court find Wayne's net income to be only $26,000 per year or a monthly income of $2,200 when his admitted yearly income was $41,000 is not revealed in the record. Nevertheless, we must affirm the trial judge's finding as to Wayne's and Christine's net income for the following reasons. The record filed by Christine in this court does not contain exhibits or all that occurred in the trial court. The record reflects an agreement between the parties as to the findings and then a disagreement by Christine. The record does disclose a notice of Wayne's deposition by Christine's prior attorney and a discovery request of all his financial records by Christine's prior attorney. Finally and most important, a trial court's determination of the valuation of the assets of a party in a marriage dissolution proceeding is a question of fact and the trial court's finding thereon will not be disturbed on review unless contrary to the manifest weight of the evidence. (*In re Marriage of Wilder* (1983), 122 Ill. App. 3d 338.) Based on the foregoing, on this record we cannot conclude that the trial court's findings as to the net earnings of the parties is contrary to the manifest weight of the evidence.

We also especially note that with respect to the property division of the parties, the provisions of the Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1987, ch. 40, par. 503(d)) provide for a division of marital property in just proportions. A mere reading of the judgment for dissolution here indicates no inequity where the assets of the parties are almost equally divided. Moreover, the proper division of marital property rests within the sound discretion of the trial court (*In re Marriage of Rapacz* (1985), 135 Ill. App. 3d 1045), not this court, and this court cannot reverse a trial court's division of property absent an abuse of discretion (*In re Marriage of Ackerman* (1988), 168 Ill. App. 3d 438). Christine points to no evidence showing an abuse of discretion that could be corrected by this court.

■■ We also summarily reject Christine's argument that she is entitled to maintenance. Pursuant to the Marriage and Dissolution of Marriage Act, maintenance *may* be granted to either spouse only if the court finds that the spouse seeking it:

"(1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and

(2) is unable to support himself through appropriate employment or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home, or

(3) is otherwise without sufficient income." (Ill. Rev. Stat. 1987, ch. 40, par. 504(a).)

Christine simply does not fall into any of the above categories.

Based on the foregoing, we conclude that the trial court did not abuse its discretion in any of the findings contained in the judgment appealed from.

■■ In Christine's last argument, she charges that Wayne's trial counsel violated ethical standards by whispering answers and using gestures to convey answers to a witness. We have read the pages of the transcript in which Christine contends counsel's actions occurred and find no support for this charge.

■ Finally, Wayne suggests in his appellate brief that we impose sanctions against Christine for acts of bad faith and harassing conduct. While some of Christine's conduct and statements appear out of order, we do not find that they were made in bad faith or intended to harass; Christine's obvious and understandably emotional state throughout the proceedings and her conduct necessarily resulting from her choice to represent herself cannot be characterized as either.

For the above reasons, the judgment of the circuit court of Cook County is affirmed. Wayne's motion for a bond is denied based on our determination that, under the circumstances, none is required.

Affirmed.

LORENZ and COCCIA, JJ., concur.