*In re* MARRIAGE OF JUDITH A. HARRIS, Petitioner-Appellee, and DONALD W. HARRIS, Respondent-Appellant.

Fourth District    No. 4—96—0201

Argued September 25, 1996.—Opinion filed November 6, 1996.—Rehearing denied December 2, 1996.

Jeff Justice (argued), of Campbell & Robinson, of Decatur, for appellant.

Jeffrey D. Richardson (argued), of Tietz & Richardson, of Decatur, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

Respondent, Donald W. Harris, appeals from an order dismissing his petition to terminate maintenance. We reverse.

The parties were divorced in 1993. At that time, the parties entered into a settlement agreement, approved by the trial judge and incorporated in the judgment of dissolution. Petitioner, Judith A. Harris, was represented by counsel; respondent was not.

One provision of the agreement pertained to maintenance and provided:

"4. The Husband shall pay to the Wife the sum of $606.00 per month as transitional maintenance for a period of ten (10) years at which time maintenance shall terminate and the Wife shall be forever barred from any claim of maintenance; said payments payable in installments of $303.00 twice each month on the 1st and 15th days of each month. The Husband is now and forever barred from any claim of maintenance from the Wife."

On November 13, 1995, respondent filed a petition to terminate maintenance due to petitioner's alleged cohabitation with another individual on a resident, continuing conjugal basis. Petitioner responded with a motion to dismiss, arguing the express language of the maintenance provision precluded termination of maintenance because of cohabitation or, alternatively, the maintenance provision was actually nonmodifiable maintenance in gross. Following a hearing, the court dismissed the petition on the sole basis that, by its express terms, the agreement was nonmodifiable. Respondent appeals, contending that the express wording of the provision does not bar modification and the award does not constitute maintenance in gross. Petitioner concedes the first issue. Therefore, the only question before us is whether this provision constitutes nonmodifiable maintenance in gross. We conclude it does not.

■ In *In re Marriage of Freeman*, 106 Ill. 2d 290, 478 N.E.2d 326 (1985), the supreme court held that under section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1983, ch. 40, par. 510(b) (now 750 ILCS 5/510(c) (West 1994))), a trial court could award maintenance in gross, whether payable periodically or in a lump sum, and that award was nonmodifiable and did not terminate upon the occurrence of any of the events listed in section 510(b) of the Act, such as death, remarriage or cohabitation absent agreement of the parties or express order of the court to the contrary. *Freeman*, 106 Ill. 2d at 298-300, 478 N.E.2d at 329-30.

■ In this case, the agreement does not refer to maintenance in gross. Instead, it is denominated as "transitional maintenance," which is neither identified nor defined in the Act. Petitioner argues, however, that because the award is for a fixed rather than indefinite duration, it necessarily constitutes maintenance in gross. We disagree. Section 504(a) of the Act provides the court may award maintenance "in gross *or* for fixed or indefinite periods of time." (Emphasis added.) 750 ILCS 5/504(a) (West 1994). Since the statute is phrased in the disjunctive, it is clear that payments for a fixed period of time are not synonymous with maintenance in gross since the Act expressly permits a maintenance award for a fixed period of time which is not maintenance in gross.

The cases cited by petitioner in support of her argument are distinguishable. In *Broadway Bank v. Kakos*, 160 Ill. App. 3d 6, 7, 513 N.E.2d 97, 98 (1987), the ex-husband was ordered to pay $158,000 in installments " 'in lieu of periodic maintenance or support.' " There the court found that "[t]hese words or similar words are often used to describe awards of maintenance in gross." *Broadway Bank*, 160 Ill. App. 3d at 9, 513 N.E.2d at 99.

In *Interstate Bank v. Cardona*, 167 Ill. App. 3d 214, 521 N.E.2d 140 (1988), the settlement called for the ex-husband to pay 126 monthly installments over $10^{1}/_{2}$ years totaling $60,000. The agreement further provided that the ex-husband was responsible for any tax liability which the ex-wife incurred as a result of the payments. The ex-wife was entitled to the payments regardless of her marital status or cohabitation with another man and the ex-husband could not seek a reduction in the amount on the basis of her future earnings or income. The parties also agreed that payments would be subject to existing federal and state tax laws and adjustments in the amount and nature of the payments would be made if applicable tax laws changed. Analyzing these additional provisions, the court concluded a reasonable inference could be drawn that the payments were to be made in recognition of the ex-husband's duty to support the ex-wife, a concept consistent with maintenance in gross. *Interstate Bank*, 167 Ill. App. 3d at 217-18, 521 N.E.2d at 142-43.

Finally, in *Pacione v. Pacione*, 81 Ill. App. 3d 600, 402 N.E.2d 316 (1980), the judgment required the ex-husband to pay the ex-wife $150 per week for 121 months or until the husband died, whichever occurred first. The ex-husband later sought to modify the agreement, but the court found the payments were nonmodifiable maintenance in gross. Among the reasons advanced by the court for this conclusion was the additional provision in the agreement that if the ex-husband died prior to the final payout, his estate was charged with a cash payment of the remaining sum within 90 days of death, discounted to present value. There was also direct evidence in that case from the ex-husband, who testified he believed he was paying a "property settlement obligation." *Pacione*, 81 Ill. App. 3d at 604, 402 N.E.2d at 318-19. None of these additional qualifying provisions appear in the agreement in this case.

We believe the maintenance award in this case more nearly resembles that described in *Freeman*, in which the supreme court specifically found that an order which provided " '[f]or maintenance of the Petitioner, the Respondent shall make payments to her for a period of thirty-six (36) months in the following manner ***' " was not maintenance in gross but, rather, periodic maintenance. *Freeman*, 106 Ill. 2d at 293-97, 478 N.E.2d at 327-29.

392

We conclude the maintenance agreement in this case is actually an award of periodic maintenance for a fixed period rather than maintenance in gross. Therefore, upon a proper showing, the agreement is subject to modification or termination. For this reason, we reverse the judgment of the Macon County circuit court and remand for further proceedings on the merits of respondent's petition to terminate maintenance.

Reversed and remanded.

GREEN and McCULLOUGH, JJ., concur.