# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*In re Marriage of Bohnsack*, 2012 IL App (2d) 110250

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF MARK BOHNSACK, Petitioner-Appellant, and DEBORAH BOHNSACK, Respondent-Appellee. |
| District & No. | Second District<br>Docket No. 2-11-0250 |
| Rule 23 Order filed<br>Rule 23 Order withdrawn<br>Opinion filed | February 17, 2012<br><br>March 29, 2012<br>March 29, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court did not err in modifying respondent's maintenance award pursuant to her petition seeking an increase due to a substantial change in circumstances, notwithstanding petitioner's contention that the initial award of $10,000 per year for six years was nonmodifiable maintenance in gross, since the language of the parties' settlement agreement did not specify whether the maintenance award was to be periodic or in gross, it did not provide a specific total sum petitioner was to pay, the settlement agreement did not indicate that the date the first payment was to be made was a vesting date for maintenance in gross rather than just the starting date of petitioner's payments, and although an award of maintenance need not be labeled as nonmodifiable, no language in the settlement agreement established that the award was intended to be for maintenance in gross. |

| Decision Under Review | Appeal from the Circuit Court of Jo Daviess County, No. 05-D-78; the Hon. William A. Kelly, Judge, presiding. |
| --- | --- |
| | |
| Judgment | Affirmed. |
| | |
| Counsel on Appeal | Thomas H. James, of James & Associates, of Forreston, for appellant. |
| | Richard B. Kirk, of Schirger Law Offices LLC, and M. Allyson Misevich, of Law Office of M. Allyson Misevich, P.C., both of Rockford, for appellee. |
| | |
| Panel | PRESIDING JUSTICE JORGENSEN delivered the judgment of the court, with opinion. |
| | Justices Hutchinson and Zenoff concurred in the judgment and opinion. |

**OPINION**

¶ 1    Petitioner, Mark Bohnsack, appeals from the trial court's order modifying the maintenance award to respondent, Deborah Bohnsack. Petitioner argues that the parties' marital settlement agreement provided for maintenance in gross and was thus nonmodifiable. For the reasons that follow, we affirm.

¶ 2                              BACKGROUND

¶ 3    In January 2006, the trial court entered a judgment dissolving the parties' marriage. The judgment incorporated a marital settlement agreement. Paragraph 7 of the settlement agreement provided as follows:

"Mark shall pay to Deb $10,000 in maintenance for 6 years, beginning on January 1, 2006[,] and the last payment ending on January 1, 2011. Mark shall pay this money to Deb twice a year, with a payment of $5[,]000 on January 1 and a payment of $5[,]000.00 on June 1st of every year, with the last year being 2011."

¶ 4    Four years later, respondent filed a petition to modify the maintenance award, seeking an increase in maintenance due to a substantial change in circumstances. Following a hearing, the trial court granted the petition and ordered petitioner to pay maintenance in the amount of $3,000 per month. Petitioner filed a postjudgment motion, arguing that the trial

court erred in modifying the maintenance award, because the maintenance was maintenance in gross and was thus nonmodifiable. The trial court denied petitioner's motion. Petitioner then brought this timely appeal.

¶ 5                                                    ANALYSIS

¶ 6        On appeal, petitioner contends that the trial court lacked subject matter jurisdiction to modify the maintenance award and that, even if it did have subject matter jurisdiction, the trial court nevertheless erred in modifying the maintenance award. We do not find merit in either of these contentions.

¶ 7        Petitioner argues that the trial court lacked subject matter jurisdiction because more than 30 days have passed since the entry of the judgment of dissolution. According to petitioner, because the maintenance award in the settlement agreement is properly characterized as maintenance in gross, which is nonmodifiable, it is in the nature of a property settlement and cannot be raised once 30 days have passed since the entry of the judgment. We disagree. As the supreme court made clear in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002), a trial court's subject matter jurisdiction is conferred by our state constitution and extends to all " 'justiciable matters.' " "Generally, a 'justiciable matter' is a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests." *Belleville Toyota*, 199 Ill. 2d at 335. The modification of maintenance–which is what respondent sought in her petition–is a justiciable matter. Accordingly, the trial court had subject matter jurisdiction to evaluate respondent's petition, and petitioner's argument regarding jurisdiction is simply an argument that the trial court erred in modifying the maintenance award because maintenance in gross cannot be modified.

¶ 8        Before addressing the substance of petitioner's contention that the trial court erred in modifying the maintenance award, we must first address the standard of review. Respondent contends that, because petitioner did not raise the maintenance-in-gross contention until his postjudgment motion, the trial court's denial of petitioner's postjudgment motion should be reviewed for an abuse of discretion. See *Muhammad v. Muhammad-Rahmah*, 363 Ill. App. 3d 407, 415 (2006) ("When reviewing a trial court's denial of a motion to reconsider that was based on new matters, such as additional facts or new arguments or legal theories that were not presented during the course of the proceedings leading to the issuance of the order being challenged, this court employs an abuse of discretion standard."). Petitioner responds that the determination of whether the maintenance award was for maintenance in gross depends on the interpretation of the parties' settlement agreement, an issue of law, which is typically subject to *de novo* review. *In re Marriage of Hendry*, 409 Ill. App. 3d 1012, 1017 (2011). Petitioner also contends that he raised the issue of maintenance in gross prior to his postjudgment motion. After scouring the record, including the portions cited by petitioner, we can find no place prior to his postjudgment motion where he argued that the maintenance award was for maintenance in gross. In any case, we need not resolve the conflict surrounding the standard of review, because the trial court did not err under any standard.

¶ 9        The question of whether the maintenance award is properly characterized as maintenance

in gross or the more typical periodic maintenance is to be determined by examining the parties' settlement agreement. As a marital settlement agreement is a contract, the usual contract interpretation rules apply. Our task is to determine the parties' intent when the agreement was executed. *In re Marriage of Michaelson*, 359 Ill. App. 3d 706, 711 (2005). To do so, we are to examine the language of the agreement, and we are to give the terms in the agreement their plain and ordinary meaning. *Michaelson*, 359 Ill. App. 3d at 711.

¶ 10 Periodic maintenance, the more common type of maintenance, typically takes the form of an order to pay a spouse a specified amount at regular intervals. *In re Marriage of Mass*, 102 Ill. App. 3d 984, 994 (1981). Its defining characteristic is its indefiniteness, as it may be modified or terminated by a court upon a showing of a "substantial change in circumstances." See 750 ILCS 5/510(a-5) (West 2010); *Mass*, 102 Ill. App. 3d at 994. In contrast, maintenance in gross involves an order to pay a spouse "a definite total sum upon the entry of the decree or a definite total sum in installments over a definite period of time." *Mass*, 102 Ill. App. 3d at 994. The distinguishing characteristics of maintenance in gross are its definite sum and its vesting date. *In re Marriage of Hildebrand*, 166 Ill. App. 3d 795, 799 (1988). Amounts that are awarded as maintenance in gross are not subject to modification based on a change in circumstances. *In re Marriage of Freeman*, 106 Ill. 2d 290, 298 (1985). Periodic maintenance, however, is the preferred form of maintenance, and "an award in gross is appropriate only in exceptional circumstances." *Lamp v. Lamp*, 81 Ill. 2d 364, 374 (1980).

¶ 11 The language of the settlement agreement in this case is ambiguous at best; it does not specify whether the maintenance award was intended to be periodic or in gross. Petitioner argues that the maintenance award is properly characterized as maintenance in gross because it is for a definite amount and has a set vesting date. The cases petitioner cites in support, however, differ from the present case in a significant way: the settlement agreement or judgment in each case specifically stated that the maintenance was in gross or provided a specific total sum to be paid to the recipient. See *Freeman*, 106 Ill. 2d at 294 (the modified judgment specifically labeled the $27,000 the husband was to pay to the wife as maintenance in gross); *Michaelson*, 359 Ill. App. 3d at 708 (settlement agreement provided that the husband was to pay the wife " 'a total of Three Hundred Sixty Thousand ($360,000) Dollars' " and that the maintenance provisions were to terminate " 'only after the payment of all monies due to Wife are paid in full' "); *Hildebrand*, 166 Ill. App. 3d at 797 (settlement agreement awarded the wife the specific sum of $12,000 in maintenance); *In re Marriage of Burgstrom*, 135 Ill. App. 3d 854, 857 (1985) (order provided a specific sum that the husband was to pay to the wife). In contrast, the settlement agreement in the present case does not label the maintenance as in gross, nor does it provide a specific total sum that petitioner is to pay to respondent. Although petitioner contends that the total sum is easily calculable, the lack of a specifically stated total sum differentiates the present case from those found to involve maintenance in gross and lends credence to the position that the maintenance award was for periodic maintenance over a fixed period. See *In re Marriage of Harris*, 284 Ill. App. 3d 389, 390, 392 (1996) (holding that a settlement agreement that provided that the husband was to pay the wife $606 per month for 10 years but did not provide for a specific total sum was for periodic maintenance for a fixed period rather than maintenance in gross).

¶ 12 Petitioner also contends that the existence of a vesting date demonstrates that the

-4-

maintenance award was one for maintenance in gross. According to petitioner, the vesting date of the award was January 1, 2006, the date on which he was to make the first payment to respondent. Nothing in the language of the settlement agreement indicates that January 1, 2006, was intended as a vesting date for maintenance in gross rather than merely a start date for periodic maintenance. Petitioner relies on *Hildebrand* as demonstrating the importance of a vesting date to a finding of maintenance in gross. The settlement agreement in *Hildebrand*, however, did not provide a vesting date, and the court did not rely on a vesting date in concluding that the award was for maintenance in gross. Rather, the court concluded that the award was for maintenance in gross because the settlement agreement required the husband to pay to the wife a specified sum over a definite number of installments. *Hildebrand*, 166 Ill. App. 3d at 799. The court merely commented that the maintenance award in that case vested on the date the judgment was entered, because under section 510(b) of the Illinois Marriage and Dissolution of Marriage Act (750 ILCS 5/510(b) (West 2008)), judgment provisions regarding the disposition of property may not be revoked or modified unless there is a reason justifying the reopening of the judgment. *Hildebrand*, 166 Ill. App. 3d at 799.

¶ 13    While it is true, as petitioner states, that an award of maintenance in gross need not be labeled as nonmodifiable, because it is, by definition, nonmodifiable (*Burgstrom*, 135 Ill. App. 3d at 858), there is nothing in the language of the settlement agreement that definitively establishes that the maintenance award was intended to be for maintenance in gross. Given that and the fact that maintenance in gross is the exception rather than the rule, we must conclude that the trial court did not err in modifying the maintenance award.

¶ 14                                CONCLUSION

¶ 15    For the foregoing reasons, the judgment of the circuit court of Jo Daviess County is affirmed.

¶ 16    Affirmed.